## MANNING & MARTIN, INC. v. STATE BOARD OF EQUALIZATION

(No. 2233; January 26, 1943; 133 Pac. (2d) 373)

426

For the appellant, there was a brief by *Richard I. Drahn* of Denver, Colorado; *George F. Guy* and *Ruth N. Edelman* of Cheyenne, Wyoming, and oral argument by *Ruth N. Edelman*.

For the respondent, there was a brief by *Ewing T. Kerr*, Attorney General; *Harold I. Bacheller*, Deputy Attorney General, and *Arthur Kline*, Assistant Attorney General, all of Cheyenne, and oral argument by *Mr. Kline*.

428

BLUME, Justice.

Manning & Martin, Inc., appellant herein, is a corporation organized under the laws of the State of Oklahoma and duly authorized to do business in the State of Wyoming. According to the stipulation of the parties herein it was at all times hereinafter mentioned engaged in the business of mining in this state. It bought certain machinery and equipment in connection with that business outside of the State of Wyoming, to be used, and which was actually used, in this state. The State Board of Equalization, on August 2, 1941, made an assessment against the appellant in the sum of $1874.48, an amount due as a "use tax" to the state. The amount was paid under protest, and a petition was filed with the State Board of Equalization for the refund of this amount. The petition was denied and an

appeal was thereupon taken by the appellant to the district court of Laramie County, to recover the amount, in accordance with the provisions of Section 13 of Chapter 118, Session Laws of 1937. The district court affirmed the order of the State Board of Equalization, and from the judgment thus rendered the appellant has appealed to this court.

According to the stipulation of the parties, the machinery and equipment bought as above mentioned outside the State of Wyoming and used within this state for the purpose of mining was not generally stocked in the State of Wyoming for sale at the time that they were purchased by the appellant for use within the State of Wyoming, but were at the time of their purchase promptly purchasable in the State of Wyoming from or through a regularly established registered agency under the Wyoming Use Tax of 1937, namely, Ch. 118, Session Laws of that year. The appellant claims that, under this act, the property so purchased and used was exempt under the provisions of that act. Section 4 of that act provides as follows:

"Section 4. The storage, use or other consumption in this State of the following tangible personal property is hereby specifically exempted from the tax imposed by this Act:
* * *
(k) Machinery, equipment and industrial materials directly used in manufacturing, reconditioning, processing, publishing, transporting, mining, logging, farming or ranching when such machinery, equipment and materials or substantially their equivalents are not generally stocked in Wyoming for sale *or* are not promptly purchasable in Wyoming from or through a regularly established Wyoming individual, firm or agency registered as a retailer under this Act."

Appellant claims that the term "or" as italicized by us above, has been used in the disjunctive sense by the legislature and that accordingly the property bought and used by it as above mentioned is exempt under

subdivision (k), since it is not generally stocked in this state, the exemption applying either if the property is not generally stocked in this state or if it is not promptly purchasable as mentioned in the act. It is argued that anything whatever, even a yacht, may be bought through a retailer in this state, so that the first clause has no meaning whatever if the contention of the state is upheld. The state, on the other hand, contends that the term "or" was used in the conjunctive sense and that, in order that the property may be exempt, it must both be not generally stocked in this state and not promptly purchasable, as mentioned in the act, and it is argued that many articles are not purchasable through a retailer in this state.

Subdivision (k) of Section 4 of the Act was considered in Continental Supply Co. v. People, 54 Wyo. 185, 88 P. (2d) 488. It appears in that case that the property involved therein was not generally stocked in this state. However, no stress was laid in that case, if any at all, on that fact, but it was argued that it was not promptly purchasable. And the phrase "not generally stocked" was evidently considered in that case as having a bearing only upon the question as to whether or not it was promptly purchasable in this state, as mentioned in the act. We held in that case that the property was not exempt from the use tax. If the contention made by counsel for appellant in the case at bar is correct, then of course the decision in the Continental Supply Company case was wrong, which, we think, is not true. The State contends that if the phrase "not generally stocked in Wyoming for sale" is controlling, then the clause relating to "promptly purchasable" has no meaning. We think the contention is correct, and it is, in fact, conceded to be correct by counsel for the appellant herein. He argues, on the other hand, that if the clause "or are not promptly purchaseable in Wyoming" etc., is controlling, then the clause "not gen-

erally stocked in Wyoming" has no or little meaning. And that contention, too, seems to be correct, for, if the property is not promptly purchasable in this state, that of course implies that it is not generally stocked in the state, and, if the second clause mentioned is controlling, the first clause is tautological. Fortunately, however, we find the legislative intent in connection with this act fairly indicated by the procedure of enactment. The Bill for the Act was introduced in the House, known as House Bill No. 200. It did not, as introduced and as passed in the House, contain Subdivision (k) above mentioned. The Senate added Subdivision (k) to read as follows:

"Machinery, equipment and industrial materials directly used in manufacturing, reconditioning, processing, publishing, transporting, mining, logging, farming or ranching when such machinery, equipment and materials or substantially their equivalents are not generally stocked for sale in Wyoming in such quantities and qualities as will meet the usual and ordinary requirements and purchases of the purchaser." (Senate Journal 1937, p. 482.)

When the bill was sent back to the House, the latter refused to concur in the Senate amendment, and a committee was appointed to meet with a like committee from the Senate as a joint conference committee on the bill. House Journal 1937, p. 640. The conference committee thus appointed by the House and Senate met and reported Subsection (k) to read as now appears in the act, and this report was duly adopted by both the Senate and the House. House Journal 1937, p. 667; Senate Journal 1937, p. 537.

It thus clearly appears that the Legislature did not intend to exempt the property herein involved merely because not generally stocked in the State, but meant to modify the clause as proposed by the Senate, and substantially enacted that it should be exempt if not generally stocked in the state, provided that it was not

promptly purchasable in this state through a retailer therein. In other words, the intention is clearly manifest that the word "or" as italicized above was meant in a conjunctive sense or in the sense of "nor." That the term may thus be used when the intention to that effect appears is shown by many authorities. See Western Auto Transport v. City of Cheyenne, 57 Wyo. 351, 118 P. (2d) 761; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821. The latter of these cases is particularly applicable herein.

The contention of the appellant herein must accordingly be overruled and the judgment of the district court must be and is affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.