**Dorothy M. SANCHES, Appellant
(Plaintiff),**

v.

**William K. SANCHES, Appellee
(Defendant).**

No. 5417.

Supreme Court of Wyoming.

March 25, 1981.

Duane Myres and Rod Sutherland, Legal Intern, Casper (argued), for appellant (plaintiff).

Neil J. Short, Casper (argued), for appellee (defendant).

Before ROSE, C. J., and RAPER, THOMAS and ROONEY, JJ., and SAWYER, District Judge.

ROONEY, Justice.

In a divorce action, the trial court held § 20–2–114, W.S.1977, to be unconstitutional pursuant to *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), which held that the Alabama statutory scheme which imposed alimony on husbands but not wives violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff-appellant (hereinafter referred to as wife) was therefore denied her request for alimony from defendant-appellee (hereinafter referred to as husband).

In her appeal, wife presents five related issues. One is whether or not the trial court committed reversible error in finding § 20–2–114, W.S.1977, unconstitutional. The other four issues are related to this issue, but we need not address them since we hold that § 20–2–114, W.S.1977, was intended by the legislature to be enacted in neuter gender and is therefore constitutional. Accordingly, we reverse and remand the case for consideration of wife's request for alimony.

Section 20–2–114, W.S.1977, reads:

"In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired, and the burdens imposed upon the property for the benefit of either party and children. *The court may decree to the wife reasonable alimony out of the estate of the other having regard for his ability and may order so much of his real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by him.*" (Emphasis supplied.)

The trial court read the words "[t]he court may decree to the wife reasonable alimony * * *" in their literal sense. It read these words and the words "his ability" and "his real estate" as directing an impermissible distinction based on gender. The trial court did not attach significance to the words "estate of the other" and to the words "be assigned and set out to either party" in this respect. It would seem, however, that the words "estate of the other" and "set out to either party" are not consistent with the gender significance attached by the trial court to the words "to the wife," "his ability" and "his real estate." Accordingly, the last sentence of § 20–2–114, W.S.1977, is ambiguous. It is ambiguous inasmuch as it is obscure in its meaning because of an indefinitive of expression or because a double meaning is present. It is capable of being understood in more ways than one. *Hollabaugh v. Kolbet*, Wyo., 604 P.2d 1359 (1980); *Bulis v. Wells*, Wyo., 565 P.2d 487 (1977); *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of Albany County*, Wyo., 592 P.2d 1154 (1979).

When a statute is ambiguous, the court will resort to rules of construction for the purpose of ascertaining the legislative intent. Legislative intent is the primary consideration in ascertaining the meaning of a statute. *DeHerrera v. Herrera*, Wyo., 565 P.2d 479 (1977); *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); *Longacre v. State*, Wyo., 448 P.2d 832 (1968); *State ex rel. Murane v. Jack*, 52 Wyo. 173, 70 P.2d 888, reh. den., 52 Wyo. 173, 71 P.2d 917 (1937). Legislative intent may be determined through legislative history of a statute. *Padilla v. State*, Wyo., 601 P.2d 189 (1979); *Town of Clearmont v. State Highway Commission*, Wyo., 357 P.2d 470 (1960); *Manning & Martin v. State Board of Equalization*, 58 Wyo. 425, 133 P.2d 373 (1943); *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, reh. den., 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960).

Section 20–2–114, W.S.1977, is a codification of part of Chapter 152, Section 1,

Session Laws of Wyoming, 1977. Chapter 152 originated in the senate as Senate File No. 76. It was sponsored by the Joint Judiciary Interim Committee and was a complete revision of Title 20—Domestic Relations. As introduced, the last sentence of the section in question was proposed to read:

"The court may decree to the wife reasonable alimony out of the estate of the husband having regard for his ability and may order so much of his real estate or the rents and profits thereof as is necessary be assigned and set out to the wife for life, or may decree a specific sum to be paid by him to her."

The section in question was not amended in the senate, and Senate File No. 76 passed the senate. In the house, it was referred to the Judiciary Committee. It was amended in the Judiciary Committee and reported out with a recommendation of "do pass" as amended. The Judiciary Committee made four amendments to the last sentence of the section in question. It changed "the wife" to "either party" in the two places "the wife" appears in the sentence, it changed "husband" to "other" in the one place "husband" appears in the sentence, and it deleted the last two words "to her." Page 110 of Digest of Senate Journal of the 44th Legislature. The Judiciary Committee amendments were adopted, and such amendments to the section in question were ultimately retained through the Joint Conference Committee and in Senate File No. 76 as passed by both houses.

Three of the four amendments were properly included in the enrolled act (SEA 73), but the fourth amendment, i. e. change "the wife" to "either party" at the first place "the wife" appears in the sentence (page 36, line 13 of engrossed copy) was inadvertently not included in the enrolled act. If it had been properly included, the last sentence of the section in question would read:

"The court may decree to either party reasonable alimony out of the estate of the other having regard for his ability and may order so much of his real estate

or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by both."

There would then be no ambiguity in the sentence, and the district court would have no reason to consider the application of *Orr v. Orr*, supra.

We cannot allow inadvertent error in transcribing the enrolled act to defeat the manifest intention of the legislature as expressed in legislation passed by both of its houses. The intention was plainly set forth in the act as approved by both houses.[1] See *State ex rel. Board of County Commissioners of Laramie County v. Wright*, 62 Wyo. 112, 163 P.2d 190 (1945). Therefore, we hold § 20–2–114, W.S.1977, to be neutral in gender and not unconstitutional.[2] Appellant is not precluded from alimony in this case.

Reversed and remanded for consideration of the propriety of alimony for either party.

ROSE, Chief Justice, specially concurring.

I concur with the majority opinion but do not find ambiguity in the plain language of § 20–2–114, W.S.1977, as does the majority.

The error in transcribing the enrolled act is sufficient cause to reach the conclusion set forth in the majority opinion for the reasons stated therein, without consideration or discussion of ambiguity.

---

1. Aside from the definite expression of legislative intent in approving the change of "the wife" to "either party" at the first place "the wife" appears in the last sentence of the section in question, the legislative intent to have the enactment reflect a neuter gender is evidenced by 62 separate changes in the senate file after it was introduced such as, from "husband" to "either party," from "wife" to "either party," from "woman" to "person," from "husband" to "spouse," from "wife" to "spouse," etc. Such is so resounding as to mandate a recognition that the Governor also considered a neuter expression of legislative intent in approving the enactment.

2. Our holding is not that we extend the meaning of the statute by judicial construction as urged by appellant and as apparently done in some other states. Rather, we hold that the act reads in neuter gender pursuant to the manifest intention of the legislature.