D. N. HADDENHAM, d/b/a B & D Distributors, Appellant (Petitioner),

v.

The CITY OF LARAMIE, Appellee (Defendant).

No. 5674.

Supreme Court of Wyoming.

July 21, 1982.

John L. Hoke, Rawlins, and Richard C. Wolf, Cheyenne, for appellant.

Thomas S. Smith, City Atty., Laramie, for appellee.

Jack R. Gage and Thomas E. Campbell of Hanes, Gage & Burke, P. C., Cheyenne, filed an amicus curiae brief on behalf of the Wyoming Pyrotechnic Association, Inc.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-petitioner appeals from a judgment and order entered in a declaratory judgment action brought by him against appellee-defendant (hereinafter referred to as "City"). The matter was presented to the trial court on a stipulation between the parties which provided, among other things:

"4. That there remains one legal issue to be determined as follows:

"(a) whether the governing body of the City of Laramie acted in excess of its

powers in its adoption of Enrolled Ordinance No. 619."

The trial court held that it did not. Enrolled Ordinance No. 618 [1] (hereinafter referred to as "Ordinance") extended the provisions of the Uniform Fire Code, which had been previously adopted by the City to "be enforceable within the city limits and within two miles outside of the city limits." The definition of fireworks in the Uniform Fire Code included that which was being sold by appellant at his places of business located within two miles of the City limits.

We affirm.

Appellant contends that (1) the City does not have the power to ordain a definition of fireworks more restrictive than that contained in the state statutes and that the Ordinance was in conflict with such statutes, and (2) that by virtue of the statutes, the City lacked the power to ordain relative to fireworks *beyond its City limits.*

## DEFINITION OF FIREWORKS

The statutes relative to fireworks, §§ 35–10–201 through 35–10–207, W.S.1977, provide in pertinent part:

Section 35–10–201:

"(a) 'Fireworks' means and includes any article, device or substance prepared for the primary purpose of producing a visual or auditory sensation by combustion, explosion, deflagration, or detonation, including, without limitation the following articles and devices commonly known and used as fireworks; toy cannons or toy canes in which explosives are used, blank cartridges, firecrackers, torpedoes, skyrockets, Roman candles, and daygo bombs, but not including soft shell firecrackers not to exceed one (1) inch in length and one-eighth inch in diameter, sparklers, Vesuvius fountains, spray fountains, torches, color fire cones, star and comet type aerial shells without explosive charge for the purpose of making a noise, color wheels, toy cap pistols, and toy caps each of which does not contain more than twenty-five hundredths of a gram of explosive material.

"(b) 'Governing body' means the board of county commissioners as to the area within a county but outside the corporate limits of any city or town; or means the city council or other governing body of a city or town as to the area within the corporate limits of such city or town."

Section 35–10–202:

"Except as hereinafter provided, it shall be unlawful for any person to offer for sale at retail, expose for sale at retail, sell at retail, give away, use, discharge or detonate any fireworks in the state of Wyoming."

Section 35–10–205:

"This act [§§ 35–10–201 to 35–10–207] shall not be construed to prohibit the imposition by municipal ordinance of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any city or town, but no such city or town shall permit or authorize the sale, use, or possession of any fireworks in violation of this act."

Sections 35–10–203, 35–10–204, 35–10–206 and 35–10–207 provide for issuance of permits by governing bodies for supervised public displays as exceptions to the prohibitions of the act; for other exceptions such as use for mining purposes, etc.; for seizing and disposing of fireworks involved in violation of the act; and for a misdemeanor penalty upon conviction for violating the provisions of the act.

■ All portions of the act must be read in pari materia, and every word, clause and sentence of it must be given effect, *State Board of Equalization v. Cheyenne Newspapers, Inc.,* Wyo., 611 P.2d 805 (1980); *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of Albany County,* Wyo., 592 P.2d 1154 (1979); *Department of Revenue and Taxation v. Irvine,* Wyo., 589 P.2d 1295 (1979), all with the purpose of ascertaining and giving effect to the legislative intent, *Sanches v.*

---

1. Referred to in the pleadings as both Enrolled Ordinance No. 618 and Enrolled Ordinance No. 619. A copy of the Ordinance which is attached to the Complaint bears number 618.

*Sanches,* Wyo., 626 P.2d 61 (1981); *Oroz v. Hayes,* Wyo., 598 P.2d 432 (1979); *McGuire v. McGuire,* Wyo., 608 P.2d 1278 (1980).

Section 35–10–202 prohibits an offer for sale, use, etc., of fireworks in the state of Wyoming, and § 35–10–201(a) defines fireworks as that which explodes, detonates, etc., but excluding certain named devices such as sparklers, Vesuvius fountains, soft-shelled firecrackers not to exceed a specified size, etc. But § 35–10–205 allows a city to impose "further regulations or prohibitions upon the sale, use and possession of fireworks" if such does not authorize "the sale, use or possession * * * in violation of the act." If the definition of fireworks in § 35–10–201(a) were taken to preclude a city from regulating or prohibiting the sale, use or possession of more restrictive devices, as argued by appellant, § 35–10–205 would be meaningless and of no operative effect. The legislature will not be presumed to intend futile things. *Yeik v. Department of Revenue and Taxation,* Wyo., 595 P.2d 965 (1979); *DeHerrera v. Herrera,* Wyo., 565 P.2d 479 (1977); *Kuntz v. Kinne,* Wyo., 395 P.2d 286 (1964).

The enactment restricts the offer for sale, use, etc., of the larger, more powerful, fireworks in the state of Wyoming, but it authorizes cities and towns to further restrict or prohibit the offer for sale, use, etc., of the smaller, less powerful, fireworks within their "corporate limits."

Even without the authorization contained in § 35–10–205 for cities to ordain further prohibitions or restrictions on the smaller, less powerful, fireworks, Art. 13, § 1(b) of the Wyoming Constitution[2] empowers cities to place limitations or prohibitions on the smaller, less powerful, fireworks. This because the smaller, less powerful, fireworks were excluded from that prohibited by state legislation and, thus, there is no statute concerning them which is "uniformly applicable to all cities and towns." The Ordinance is not subject to, subordinate to or subservient to §§ 35–10–201 through 35–10–207. It concerns that deliberately excluded from such sections. It includes that which is not applicable to any city or town, let alone that which is uniformly so applicable. See *Laramie Citizens, Etc. v. City of Laramie,* Wyo., 617 P.2d 474 (1980).

## BEYOND CORPORATE LIMITS AVAILABILITY

Appellant contends that even should the City be empowered to ordain relative to the smaller fireworks, the "corporate limits" language contained in § 35–10–205 prevents the City from making the Ordinance effective "within two miles outside the city limits." In 1953, at the time of the original enactment of the predecessor of § 35–10–205, such was certainly the case. However, legislative action[3] since that time has changed the restriction. In 1965, a new Municipal Code was enacted (Ch. 112, S.L. of Wyoming 1965). Section 3 thereof provided in pertinent part:

"(a) All cities and towns have the following powers which may be exercised by their governing bodies:

    *    *    *    *    *    *

"(26) To regulate, restrain or prevent the storage, use and transportation of gunpowder, high explosives, tar, pitch, resin, coal oil, benzine, turpentine, hemp, cotton, gasoline, nitroglycerine, petroleum or any product thereof, *fireworks* and other combustible or explosive material *within the corporate limits, or within a given distance thereof.*" (Emphasis added.)

---

**2.** Art. 13, § 1(b) provides in pertinent part: "All cities and towns are hereby empowered to determine their local affairs and government as established by ordinance passed by the governing body, * * * subject only to statutes uniformly applicable to all cities and towns * * *."

**3.** A constitutional amendment in 1971 (the "home rule" amendment) also evidenced the general attitude with reference to powers of cities and towns. Art. 13, § 1(d), Wyoming Constitution, provides:

"The powers and authority granted to cities and towns, pursuant to this section, shall be liberally construed for the purpose of giving the largest measure of self-government to cities and towns."

■ Obviously, the provision in the later enacted statute giving power to regulate fireworks "within a given distance of a city" is not consistent with the provisions of § 35–10–205 which limits the exercise of such power to the city limits. The two statutes cannot stand together. To the extent of the inconsistency, § 35–10–205 was repealed.

> "Repeals by implication are not favored. * * * What must be shown is that the latter statute is so repugnant to the earlier one that the two cannot stand together * * *." *Nehring v. Russell*, Wyo., 582 P.2d 67, 73 (1978).

See *Thomas v. State*, Wyo., 562 P.2d 1287 (1977); and *Hutchins v. State*, Wyo., 483 P.2d 519 (1971).

In 1980, the Municipal Code was revised. One of the purposes of the revision as stated in the title to the act (Ch. 38, S.L. of Wyoming 1980) was to "eliminate duplicative" language. Section 3(a)(26) of Ch. 112, S.L. of Wyoming 1965, was then revised to read as now set forth in § 15–1–103(a)(xxviii), W.S.1977:

> "(a) The governing bodies of all cities and towns may:
>
> * * * * * *
>
> "(xxviii) Regulate or prevent the storage, use and transportation of any combustible or explosive material within the corporate limits or within a given distance thereof."

■ Appellant argues that § 15–1–103(a)(xxviii) and its similar predecessor are unconstitutionally vague because the words "within a given distance" are not sufficiently specific. Standing alone, such words may be unconstitutionally vague. See *Yeik v. Department of Revenue and Taxation*, supra. However, we must again consider the statutes in pari materia. If legislative intent can be ascertained with reasonable certainty, the statute will not be declared inoperative.

> "A statute cannot be held void for uncertainty if any reasonable and practical construction can be given to its language. * * *" *People v. Klufus*, 1 Misc.2d 828 149 N.Y.S.2d 821, 827 (1956).

"* * * Other statutes may also be drawn upon as sources from which to clarify how a statute will work, in order to save it from invalidity on grounds of uncertainty." 1A Sutherland on Statutory Construction (4th ed. 1972), § 21.16, p. 96.

In addressing a contention that a statute relative to school district reorganization was "void, in that it is vague, incomplete and indefinite," the Supreme Court of Illinois said:

> " * * * 'For the purpose of learning and giving effect to the legislative intention, all statutes relating to the same subject must be compared and so construed with reference to each other that effect may be given to all the provisions of each, if it can be done by any fair and reasonable construction. It must be presumed that the several statutes relating to one subject are governed by one spirit and policy, and that the Legislature intended the several statutes to be consistent and harmonious. Where two acts *in pari materia* are construed together and one of them contains provisions omitted from the other, the omitted provisions will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act.' * * *" *People ex rel. Killeen v. Kankakee School District No. 11*, 48 Ill.2d 419, 270 N.E.2d 36, 37–38 (1971), quoting from *Ketcham v. Board of Education*, 324 Ill. 314, 317, 155 N.E. 332, 333 (1927).

See *Reed v. State*, Miss., 199 So.2d 803 (1967); *King v. Cook*, 297 F.Supp. 99 (N.D. Miss.1969); *Solomon v. North Shore Sanitary District*, 48 Ill.2d 309, 269 N.E.2d 457 (1971); and *Gould v. Barton*, 256 S.C. 175, 181 S.E.2d 662 (1971).

Section 15–3–202(b), W.S.1977, reflects that which was enacted as part of the new Municipal Code in 1965 (Ch. 112, § 171, S.L. of Wyoming 1965) and continued in the 1980 revision (Ch. 38, § 1, S.L. of Wyoming 1980):

> "(b) The mayor has such jurisdiction as may be vested in him by ordinance:

"(i) Over all places within five (5) miles of the corporate limits of the city for the enforcement of health, or quarantine ordinance and regulation thereof; and

"(ii) In all matters excepting taxation within one-half (½) mile of the corporate limits of the city."

The provisions were in the same enactment which use the words "within a given distance thereof," now part of § 15–1–103(a)(xxviii), supra. The legislative intent was therefore expressed relative to the ability of a city to ordain for a distance of five miles beyond the city limits for health purposes.

The fact that the statute referred to the mayor as the enforcing officer and that the City in this case operates under a city manager form of government is of no consequence. The particular section was with reference to all first-class cities. The legislative intent would obviously not be served if the statute were interpreted to mean other than the enforcement of it is to be by the chief executive officer of the city. See § 15–4–204, W.S.1977. In any event, appellee has a mayor, as do all cities operating under the city manager form of government. See § 15–4–201, W.S.1977. The jurisdiction conferred by § 15–3–202(b), W.S. 1977, can be exercised by him, if need be.

Accordingly, for health purposes, a city may make an ordinance effective for a distance of five miles beyond the city limits. There may be a question on a case-by-case basis as to whether or not the true purpose of an ordinance is one related to health. In this case, that question is not before us inasmuch as the parties stipulated in the trial court:

"2. That the action taken by the governing body in its adoption of Enrolled Ordinance No. 619 was in good faith and in the interest and *preservation of the public health*, safety and general welfare." (Emphasis added.)

The City was authorized by § 35–10–205 to ordain a provision more restrictive than that provided by state law relative to the use, sale, etc., of fireworks. The

"within the corporate limits" of the city limitation contained in such section was amended by § 15–1–103(a)(xxviii) to authorize application of the Ordinance to an area "within a given distance" of the City limits. Considering the statutes in pari materia the "given distance" intended by the legislature was that set forth in § 15–3–202(b)(i), W.S. 1977, i.e., "five (5) miles * * * for the enforcement of health * * * ordinance and regulation thereof."

Affirmed.