James **ATTLETWEEDT**, Appellant (Defendant),

v.

The **STATE of Wyoming**, Appellee (Plaintiff).

No. 83–254.

Supreme Court of Wyoming.

July 25, 1984.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, Cheyenne, and Martin J. McClain, Asst. Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant; oral argument by Martin J. McClain.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee; oral argument by Michael A. Blonigen, Asst. Atty. Gen.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This is another case engendered by the enactment of the new criminal code with an effective date of July 1, 1983. Appellant contends that his sentence on October 21, 1983 should have been under the new criminal code rather than under the former law, although he pleaded guilty to grand larceny on June 3, 1983.

We will reverse and remand for resentencing.

Appellant's guilty plea was to an information charging him with grand larceny of personal goods in value of approximately $390.00 in violation of § 6–7–301, W.S.1977, which provided:

"Whoever feloniously steals, takes and carries, leads or drives away the personal goods of another of the value of one hundred dollars ($100.00) or upwards, is guilty of grand larceny, and shall be imprisoned in the penitentiary not more than ten (10) years."

At the time he pleaded guilty, appellant was specifically informed that he could receive a sentence of up to ten years in the state penitentiary.

Section 6–3–402, W.S.1977, of the new criminal code consolidated many of the larceny offenses into one statute. It provides:

"(a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

"(b) A bailee or any person entrusted with the control, care or custody of any money or other property, excluding public servants subject to W.S. 6–5–109, who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

"(c) Larceny is:

"(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand

dollars ($10,000.00), or both, if the value of the property is two thousand dollars ($2,000.00) or more;

"(ii) A misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than two thousand dollars ($2,000.00), or both, if the value of the property is two hundred dollars ($200.00) or more and less than two thousand dollars ($2,000.00); [or]

"(iii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of the property is less than two hundred dollars ($200.00).

"(d) Conduct denoted larceny in this section constitutes a single offense embracing the separate crimes formerly known as larceny, larceny by bailee, embezzlement or related offenses."

Since the effective date of the new criminal code was July 1, 1983, appellant contends that when he was sentenced on October 21, 1983, he was subject to a maximum sentence of one year and/or a fine of not more than $2,000.00 inasmuch as the value of the property taken was $390.00.

The trial court imposed sentence under the former law in reliance on subsection (b) of § 6–1–101, W.S.1977, of the new criminal code. Section 6–1–101 of the new code provides:

"(a) This act may be cited as the Wyoming Criminal Code of 1982.

"(b) This act does not apply to crimes committed prior to the effective date of this act. Prosecutions for a crime shall be governed by the law in effect on the date when the crime occurred. A crime was committed prior to the effective date of this act if any of the elements of the crime occurred prior to the effective date of this act.

"(c) In a case pending on or after the effective date of this act, involving a crime committed prior to the effective date, if the penalty under this act for the crime is different from the penalty under prior law, the court shall impose the lesser sentence."

The appellant points to subsection (c) of that statute and argues that it requires any penalty to be the lesser of the penalties authorized by the former and present laws.

■ It is obvious that subsections (b) and (c) are ambiguous, if not inconsistent. Prosecution includes sentencing. *Territory of Wyoming v. Nelson*, 2 Wyo. 346, 352 (1880); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 658, 94 S.Ct. 2532, 2535, 41 L.Ed.2d 383, reh. denied 419 U.S. 1014, 95 S.Ct. 334, 42 L.Ed.2d 288 (1974). If a case spans the effective date of the new code, sentencing (part of prosecution) cannot be both (1) governed by the law in effect on the date the crime occurred, and (2) be the lesser of the penalties provided by the former law and new code. Appellant urges us to completely disregard the provisions of subsection (b) insofar as they pertain to sentencing. Appellee suggests that subsection (c) provides an exception to the general rule and that the determination as to its applicability is governed by the word "pending." It contends that the case ceases to be pending when guilt is ascertained.

We cannot completely agree with either position. We cannot disregard subsection (b) as it pertains to sentencing, and we cannot consider a case as not pending after guilt is ascertained and prior to sentencing.

■ A statute which is uncertain and susceptible to more than one meaning must be considered ambiguous. *DeHerrera v. Herrera*, Wyo., 565 P.2d 479, 481 (1977). When a statute is ambiguous, we will resort to rules of statutory construction for the purpose of ascertaining legislative intent. *Sanches v. Sanches*, Wyo., 626 P.2d 61, 62 (1981); *DeHerrera v. Herrera*, supra.

■ The rule of construction most useful in this situation is that which directs interpretation which is reasonable and practical, which will not have the effect of nullifying the operation of the statute, and which will not render it meaningless if there is any other possible interpretation.

*U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., 664 P.2d 121, 126 (1983); *Wyoming State Department of Education v. Barber,* Wyo., 649 P.2d 681, 684 (1982); *State Board of Equalization v. Cheyenne Newspapers, Inc.,* Wyo., 611 P.2d 805, 810 (1980); *Hayes v. State,* Wyo., 599 P.2d 558, 564 (1979). It is proper to consider the purpose of legislation in ascertaining legislative intent. *School Districts Nos. 2, 3, 6, 9, and 10 in County of Campbell v. Cook,* Wyo., 424 P.2d 751, 756 (1967). Creation of a specific mode of exercising power excludes all others and where a special provision is made by statute it prevails over the general. *Town of Worland v. Odell & Johnson,* 79 Wyo. 1, 329 P.2d 797, 807 (1958). Every word, clause, and sentence must be construed so that no part is inoperative or superfluous. *Thomson v. Wyoming In-Stream Flow Committee,* Wyo., 651 P.2d 778, 787 (1982).

■ Applying these rules to § 6–1–101 together with the rule that any ambiguity in a penal statute should be resolved in favor of the defendant, *Horn v. State,* Wyo., 556 P.2d 925, 927 (1976), we find that we must recognize the special provision relative to the penalty to be imposed in subsection (c) as controlling over the general provision as to the effective date contained in subsection (b). Thus, we do not render any part of the act meaningless, superfluous or inoperative; and we give effect to all of the language used by the legislature.

Utilizing the above-mentioned rules of statutory construction, we conclude that the legislative intent is to have the law in effect prior to July 1, 1983 control all aspects of the prosecution for a crime in which any of its elements occurred prior to that date, with a single exception—any *original* sentence imposed after July 1, 1983 must be the lesser of that provided for the crime where the new code and the old code diverge.

■ Therefore, inasmuch as the legislature has provided a lesser penalty in the new code for the crime committed by appellant, and the case was pending on or after

the effective date of the new code, appellant should have been sentenced under the provisions of the new code.

Reversed and remanded for resentencing.