**Robert C. CAMPBELL, Sr.,**
**Appellant (Defendant),**

**v.**

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 85–53.**

Supreme Court of Wyoming.

Nov. 20, 1985.

Douglas J. Moench, Jr., of Cole and Moench, Cheyenne, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., and * ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant appeals from the judgment and sentence entered after he pled guilty to an information charging violation of § 14–

---

* Retired November 1, 1985.

3–105, W.S.1977.[1] He words the issues on appeal as follows:

"1. THE PRINCIPLES OF STATUTORY CONSTRUCTION DICTATE A CONSTRUCTION OF W.S. § 14–3–105 (1977 REPUBLISHED ED.) THAT WOULD DEFINE 'CHILD' AS USED IN W.S. § 14–3–105 (1977 REPUBLISHED ED.) AS A PERSON *UNDER* THE AGE OF SIXTEEN (16) YEARS OF AGE.

"2. AN INCURABLE DEFECT IN THE INFORMATION IS JURISDICTIONAL AND DEPRIVES THE COURT OF JURISDICTION, A POINT WHICH MAY BE RAISED AT ANY POINT IN THE PROCEEDINGS. THIS TRIAL COURT WAS WITHOUT JURISDICTION TO PROCEED AGAINST THE DEFENDANT WHERE THE ALLEGATIONS OF THE INFORMATION CHARGED THE DEFENDANT WITH TAKING INDECENT LIBERTIES OF A 'CHILD' WHO WAS SIXTEEN (16) YEARS OF AGE AT THE TIME OF THE ALLEGED OCCURRENCE.

"3. THE ENTRY OF A PLEA OF GUILTY DOES NOT PRECLUDE OBJECTION TO THE TRIAL COURT'S JURISDICTION AND IT'S [SIC] DENIAL OF A MOTION TO DISMISS." (Emphasis in original.)

 Appellant's first issue concerns the meaning of the word "child" as used in § 14–3–105, W.S.1977. The primary objective in construing a statute is ascertainment of legislative intent. *Sanches v. Sanches,* Wyo., 626 P.2d 61, 62 (1981). If the language of the statute is clear and unambiguous, such language controls, and there is no need to resort to rules of construction to determine the intent of the

legislature. *Sanches v. Sanches,* supra; *Geraud v. Schrader,* Wyo., 531 P.2d 872, 878, cert. denied sub nom *Wind River Indian Education Association, Inc. v. Ward.,* 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). A statute which is uncertain and susceptible to more than one meaning is ambiguous. *Attletweedt v. State,* Wyo., 684 P.2d 812, 814 (1984). The word "child" in § 14–3–105 is ambiguous in that the ages encompassed in the word are uncertain, and the legislative intent as to such ages cannot be ascertained from the language of the statute.

Recently, in *McArtor v. State,* Wyo., 699 P.2d 288 (1985), we were presented with the same issue here presented. There we resorted to rules of construction and ascertained that the definition of "such child" in § 14–3–105, as originally enacted and as in effect in June of 1977, could be obtained by reference to the immediately preceding characterization of child, which was "under the age of eighteen years."

However, this case is not controlled by the rule of construction used in McArtor because the incident in this case occurred March 27, 1984 and both § 14–3–105 as well as the immediately preceding § 14–3–104 [2] were amended in 1978 subsequent to the McArtor incident. One of the changes in § 14–3–105 resulting from the amendment was the removal of reference to a parent, guardian or custodian; another change was the omission of the word "such" modifying "child." Thus, as the statute now reads there is no constructive reference to the immediately preceding statute. Since the modifier is no longer present, we cannot use the rule of statutory construction used in McArtor to ascer-

---

**1.** Section 14–3–105, W.S.1977, provides:
"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

**2.** Section 14–3–104, W.S.1977, now provides:
"Anyone who solicits, procures or knowingly encourages anyone under the age of sixteen (16) years to engage in illicit sexual penetration or sexual intrusion as defined in W.S. 6–4–203 is guilty of a felony, and upon conviction shall be imprisoned for a term not more than five (5) years."

tain legislative intent, and we must resort to other of those rules for that purpose. " * * * It is the duty of courts to endeavor by every rule of construction available to ascertain the meaning of and give full force and effect to the legislative product. * * * " *Yeik v. Department of Revenue and Taxation,* Wyo., 595 P.2d 965, 968–969 (1979).

■ All statutes on a subject must be construed in pari materia. *State ex rel. Motor Vehicle Division v. Holtz,* Wyo., 674 P.2d 732, 735 (1983).

"It is a fundamental principle of statutory construction that to ascertain the meaning of a given law all statutes relating to the same subject or having the same general purpose shall be read in connection with it as constituting one law. * * * " *Stringer v. Board of County Commissioners of Big Horn County,* Wyo., 347 P.2d 197, 200 (1959).

■ Chapter 25, Session Laws of Wyoming, 1978,[3] is in effect a recodification of the statutes dealing with children. The first section of it provides:

"14–1–101. *Age of Majority.* Upon becoming nineteen (19) years of age, an individual reaches the age of majority and as an adult acquires all rights and responsibilities granted or imposed by statute or common law, except as otherwise provided by law."

However, the act sets other ages with specific sections wherein references are made to "child" or "minor" or other similar terms, some of which are defined as "minor or under the age of seventeen (17) years" § 14–2–203; "child under the age of eighteen (18) years" § 14–2–204, § 14–2–301; "anyone under the age of sixteen (16) years" § 14–3–104; " '[c]hild' means any person under the age of sixteen (16)" § 14–3–202(a)(iii); " '[c]hild' means a person who, by reason of minority, is legally subject to parental, guardianship or similar control" § 14–5–101(a); and " '[c]hild' means an individual who is under the age of majority" § 14–6–201(a)(iii). Of course,

the specific age in the section will prevail over the general age designation in § 14–1–101, W.S.1977. *City of Rock Springs v. Police Protection Association,* Wyo., 610 P.2d 975, 979 (1980); *Department of Revenue and Taxation v. Irvine,* Wyo., 589 P.2d 1295, 1299 (1979). Where a specific age is not set forth in the statute, the age set forth in the general statute, i.e., § 14–1–101, shall apply.

" * * * The legislature will not be presumed to intend futile things. * * * " * * * It is contrary to reason to ascribe to a statute a meaning that will nullify its operation, if capable of any other interpretation. * * * A statute should be construed in such a fashion that one provision will not destroy another. * * * " (Citations omitted.) *DeHerrera v. Herrera,* Wyo., 565 P.2d 479, 482 (1977).

■ Accordingly, reading the provisions of Chapter 25, Session Laws of Wyoming, 1978, in pari materia and giving full effect to § 14–1–101 as it applies to the act, the references to "child" or "minor" in the act, other than when another specific age is set, is to an individual under the age of nineteen years. Section 14–3–105 does not set another specific age. Therefore, the word "child" in that section refers to one under the age of nineteen years.

Because this holding is dispositive, we will not need to address appellant's second and third issues.

Affirmed.

CARDINE, Justice, specially concurring, in which ROSE, Justice, joins.

Although the indecent liberties statute, § 14–3–105, W.S.1977 (December 1978 Replacement), does not complement the more comprehensive sexual assault statutes to create a reasonable body of law relating to sex crimes, I must, in this case, concur in the opinion of the court. The indecent liberties statutes with which we are here concerned, § 14–3–105, W.S.1977, provides:

"Any person knowingly taking immodest, immoral or indecent liberties with

---

**3.** Sections 14–1–101 through 14–9–106.

*any child* or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both." (Emphasis added.)

The indecent liberties statute does not, within the statute, tell us the age of a "child." Sections 14–3–104, and 14–3–106, W.S.1977, also concern crimes against children and must be read with the indecent liberties statute in determining the age of a "child" as intended by the legislature. Section 14–3–104, W.S.1977, within itself, establishes the age of a child as 16 years:

"Anyone who solicits, procures or knowingly encourages anyone *under the age of sixteen (16) years* to engage in illicit sexual penetration or sexual intrusion as defined in W.S. 6–4–203 is guilty of a felony, and upon conviction shall be imprisoned for a term not more than five (5) years." (Emphasis added.)

But, § 14–3–106, W.S.1977, establishes the age of a child as 19 years, providing in part:

"(a) Prior to the filing of an information or indictment charging a violation of W.S. 14–3–102(a)(ii), (iii) or (v)(D) or (E), 14–3–104 or 14–3–105, neither the names of the person accused or the victim nor any other information reasonably likely to disclose the identity of the victim shall be released or negligently allowed to be released to the public by any public employee except as authorized by the judge or justice with jurisdiction over the criminal charges. The name of the person accused may be released to the public to aid or facilitate an arrest.

"(b) After the filing of an information or indictment and upon the request of a minor victim or another acting on behalf of a minor victim, the trial court may * *

restrict the disclosure or publication of information reasonably likely to identify the minor victim.

\* \* \* \* \* \*

"(d) A release of a name or other information to the public in violation of the proscriptions of this section shall not stand as a bar to the prosecution of a defendant nor be grounds for dismissal of any charges against a defendant.

"(e) As used in this section 'minor victim' means a person under the *age of nineteen (19) years.*" (Emphasis added.)

The legislature recently enacted § 14–3–106, W.S.1977, 1985 Cum.Supp., to enable district courts to withhold sexual misconduct details from the public at the request of "minor victims." This statute defines "minor victims" as being persons up to the age of 19 years, and it only provides for nondisclosure in cases being prosecuted under §§ 14–3–104, and 14–3–105, W.S.1977.[1] The legislature would not have defined "minor victim" as it did in § 14–3–106 unless § 14–3–104 or § 14–3–105 involved victims up to the age of 19 years. Section 14–3–104 cannot be one of the substantive statutes incorporating the 19–year age limit from § 14–3–106 because, by its terms, it operates only in cases where persons under age 16 are victimized. Consequently, only § 14–3–105 can employ the 19–year age limit of § 14–3–106. I can only conclude that the word "child" in § 14–3–105 means the same as "minor victim" in § 14–3–106. It appears, therefore, the legislative intent with respect to a "child" with whom indecent liberties are proscribed under § 14–3–105 can be any person under the age of 19 years.

My concurrence in this case does not change my dissenting position in *McArtor v. State,* Wyo., 699 P.2d 288 (1985). I still believe that when a defendant can be charged under a specific sexual assault statute, then he should not be charged under the indecent liberties statute. If the

---

1. Section 14–3–106, W.S.1977, also refers to § 14–3–102(a)(ii), (iii), (v)(D) and (E), but that reference was obviously a legislative oversight because those sections were repealed by the time of enactment of § 14–3–106.

record in this case demonstrated that the defendant could have been charged with sexual assault, then I would have accepted a properly preserved argument by appellant in which he claimed that he was charged under the wrong statute. In this case, however, appellant pled guilty after the jury was impaneled but before any evidence was produced relevant to my *McArtor* dissent. I cannot say that § 14–3–105 was the improper statute in this case because for all I know none of the sexual assault statutes applied to appellant's conduct. The only issue that was arguably preserved in this appeal was whether the indecent liberties statute applies when the victim is between 15 and 19 years of age. I agree with the majority's decision that it does apply, although that may, on occasion, lead to some inconsistent, strange and absurd results.

A word needs to be said about the inconsistencies between the indecent liberties statute and the sexual assault statutes. Even if the indecent liberties statute is applied narrowly to cases not covered under sexual assault, as I suggested in *McArtor*, it still creates unfairness. For example, if a 40–year-old man uses his authority to make sexual contact with a 13–year-old female, he can be convicted of sexual assault in the fourth degree and punished by up to *one year* in prison under § 6–2–305 and 6–2–303(a)(vi), W.S.1977 (June 1983 Replacement). If, however, a 17–year-old boy fondles his 18–year-old girlfriend, then they both could be convicted of taking indecent liberties and sentenced to *ten years* in prison under § 14–3–105, W.S.1977 (December 1978 Replacement). I am not saying that prosecutors would use the indecent liberties statute to punish such conduct. Nor am I saying that the statute must inevitably be interpreted to criminalize this conduct. My point is that the indecent liberties statute has been rendered largely obsolete by the carefully tailored sexual assault statutes. It needs to be restricted to cover that small range of sexual misconduct which is not proscribed by sexual assault statutes. Its sentencing portion should also be restricted accordingly.