Vince FORD, d/b/a Fireworks Unlimited, Appellant (Plaintiff),

v.

CITY OF RIVERTON, Appellee (Defendant).

No. 95–196.

Supreme Court of Wyoming.

June 27, 1996.

Vance Countryman of Hooper Law Offices, P.C., Riverton, for appellant.

Jane H. Juve, City Attorney, Riverton, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Vince Ford questions the City of Riverton's authority to regulate the sale of fireworks beyond its city limits and the assessment by the City of Riverton of a permit fee to engage in the sale of fireworks. We af-

firm the continuing vitality of *Haddenham v. City of Laramie,* 648 P.2d 551 (Wyo.1982).

## I. ISSUES

Vince Ford, d/b/a Fireworks Unlimited (Ford), states the following issues for review:

Whether the City of Riverton can regulate the sale of fireworks within½ mile of the corporate city limits of the City of Riverton.

Whether the fees imposed by the City of Riverton for its fireworks permit constitute a tax.

Whether Summary Judgment was properly entered regarding the finding that the fees imposed by the City of Riverton were not a tax.

The City of Riverton presents similar issues for review:

1. Whether the District Court was correct in finding that the 1995 amendments to the Wyoming Fireworks Act did *not* repeal by implication those provisions of law which authorize a city to regulate respecting fireworks within a given distance of its corporate limits for the health, safety and welfare of its citizens.

2. Whether the District Court was correct in finding that the fee imposed by the City for a fireworks permit does not constitute a tax but rather is a regulatory measure for the City of Riverton in protecting the health, safety and welfare of the community.

3. Whether the District Court properly entered summary judgment in favor of the City on Issue 2.

## II. FACTS

Over the 1995 Memorial Day weekend, Ford operated a fireworks stand within a half-mile of Riverton's city limits. During that weekend, two of Ford's employees received citations from Riverton's city police for selling fireworks without a permit. Hoping to continue his sales, Ford sought declaratory and injunctive relief from the district court, challenging the constitutionality of Riverton's city regulation of fireworks sales outside city limits. A temporary restraining order was entered that same day, June 1, 1995.

Ford filed an amended complaint on June 13, 1995, challenging Riverton's fees for electrical and sign permits as unauthorized taxation. No specifics are provided in the amended complaint with respect to the nature of the fees for electrical and sign permits nor whether any such fees were ever paid.

From an order entered June 1, 1995, it appears that Ford and Riverton stipulated that Ford would obtain the necessary permits, but the district court would hold the fees for those permits in escrow pending resolution of the matter. Ford and his employees then obtained the necessary city permits for the sale of fireworks at his old stand.

Summary judgment for Riverton was entered on June 26, 1995, and Ford filed this timely appeal.

## III. STANDARD OF REVIEW

Without deference to the findings of the district court's conclusions of law, we will affirm a summary judgment provided there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. *Martin v. Farmers Ins. Exchange,* 894 P.2d 618, 620 (Wyo.1995) (*citing Lincoln v. Wackenhut Corp.,* 867 P.2d 701, 702 (Wyo.1994)).

## IV. DISCUSSION

We review whether Riverton has authority to regulate fireworks sales outside its boundaries but within a specific reasonable distance. Ford claims that amendments to Wyo. Stat. § 35–10–205 (Cum.Supp.1995), and the enactment of Wyo. Stat. § 35–10–208 (Cum.Supp.1995), repeal by implication Wyo. Stat. §§ 15–1–103(a) (1992) and 15–3–202 (1992), and the authority glossed in *Haddenham,* 648 P.2d 551 for municipalities to regulate fireworks outside their city limits.

In *Haddenham,* we approved "the ability of a city to ordain [regulation of fireworks] for a distance of five miles beyond the city limits for health purposes." *Id.* at 556.

*Haddenham* and its progeny tell a somewhat tortuous history of the relative capacities of municipalities, counties and the state to regulate fireworks sales. It is not necessary to recount each twist and turn of our prior consideration of these issues to support our current decision.

■ Repeals by implication, such as Ford urges upon us, are not favored and must be accompanied by a demonstration that the legislature, by later enacted statute, evinced " 'an unequivocal purpose of effecting a repeal,' " manifested by a mutual repugnance of such force that the two cannot, logically, stand together. *McArtor v. State*, 699 P.2d 288, 293 (Wyo.1985) (*quoting Nehring v. Russell*, 582 P.2d 67, 73 (Wyo.1978)).

■ Nothing in the amended Wyo. Stat. § 35–10–205 or the relatively newly enacted Wyo. Stat. § 35–10–208 does damage to the fundamental proposition of *Haddenham* that the sales and use, *inter alia*, of fireworks may be regulated by cities within five miles of the city limits. Furthermore, the only *net* change in Wyo. Stat. § 35–10–205 from the statute in effect at the time of *Haddenham* is that it expands the regulatory authority of cities to include Class "C" fireworks. There is no evidence that the legislature intended Wyo. Stat. § 35–10–205, as amended, to override Wyo. Stat. § 15–3–202 as it applies to the authority of cities to regulate fireworks within five miles of the city limits.

■ Riverton's authority to require permits, such as those at issue in this case, is regulatory in nature and necessarily arises from those powers expressly granted. *Nation v. State ex rel. Fire Fighters Local 279, I.A.F.F.*, 518 P.2d 931, 933 (Wyo.1974). There is a clear distinction between the exercise of taxing power and the imposition of a fee pursuant to regulatory or police power. 16 Eugene McQuillin, *The Law of Municipal Corporations* § 44.02, at 9 (3rd ed.1994).

## V. CONCLUSION

The City of Riverton clearly has authority to regulate fireworks within five miles of its city limits, and the permit fee is not a tax so much as a nominal expression of the costs associated with such regulation. The decision of the district court is affirmed in all respects.