MILLER, Respondent, vs. THE TOWN OF JACOBS, Appellant.

*November 3 — November 22, 1887.*

*(1) Appeal to S. C.: Undertaking: Town is a "municipal corporation."* *(2, 3) Order drawn by town board of school directors: Pleading: Parties.*

1. A town is a "municipal corporation" within the meaning of sec. 3062, R. S., providing that no undertaking need be given upon an appeal by a municipal corporation.
2. In an action upon a school-district order drawn upon the town treasurer, the complaint should show that the persons signing such

Miller vs. The Town of Jacobs.

order were the proper officers of the school-district board. The court cannot take judicial notice of that fact.

3. Where the township system of school government exists, an action upon an order drawn by the town board of school directors upon the town treasurer, payment of which has been refused for any reason, cannot be maintained against the town.

APPEAL from the Circuit Court for *Price* County.

The case is stated in the opinion.

For the appellant there was a brief by *Lamoreux & Gleason*, and oral argument by *Mr. Gleason*.

For the respondent the cause was submitted on the brief of *John B. Hagarty*.

Taylor, J. This is an appeal from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint, omitting the title of the case, reads as follows:

It alleges that the defendant is a corporation, being a duly organized town existing under and by virtue of the laws of the state, having the township system of school government therein, and had on the date hereinafter mentioned.

That the defendant is indebted to the plaintiff herein upon the following described order:

"$100.   School Order No. 154.

"Glidden, Wis., July 26, 1886.

"*To the Town Treasurer of the Town of Jacobs:* Pay to G. W. Geraghty, or bearer, the sum of one hundred dollars, out of any moneys in the school fund not otherwise appropriated, being for teaching.

[Signed]   "C. W. Klein, President.

[Countersigned]   "Geo. Bell, Sec'y."

That said order was duly presented for payment to the town treasurer of said town, defendant, more than thirty days prior to the commencement of this action, September

3, 1886, and payment thereof duly demanded, which was refused for want of funds by said town treasurer. The complaint then alleges a sale and delivery of said order to the plaintiff, for value, before the commencement of the action, and that he is the owner and holder of the same; alleges that there is now due on said order the said sum of $100, and interest from the date of the presentation of the order, which sum the defendant promised and agreed to pay on demand, but has failed and neglected to do so, and the same has not been paid or any part thereof; and demands judgment for said $100 and interest, with costs of the action.

On the argument in this court the learned counsel for the respondent moved that the appeal be dismissed, for the reason that the appellant town had not given any undertaking on appeal as required by the statute. To this motion the appellant answers that under the provisions of sec. 3062, R. S., the town may appeal without giving any undertaking, unless ordered to give one by this court. This section reads as follows: "When the state, or any state officer, or state board, in a purely official capacity, or any municipal corporation within the state, shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from, and no undertaking need be given. But the supreme court may, on motion, require security to be given in such form and manner as it shall in its discretion prescribe, as a condition of the further prosecution of the appeal." It is insisted by the counsel for the respondent that a town is not a "municipal corporation" within the meaning of this section, and he cites Norton v. Peck, 3 Wis. 714, and Eaton v. Manitowoc Co. 44 Wis. 489, to sustain his contention. The first case construed the meaning of the words as used in our constitution, and the second case their meaning in sec. 1, ch. 112, Laws of 1867. This section limits the time within which a deed can be issued upon a

tax certificate to six years from the date of the sale, with an exception that this limitation shall not apply to cases when the tax certificate is owned by counties or municipal corporations; and in that case it was held that the exception did not apply to towns, the reason given being that counties and cities were authorized to purchase at tax sales, and towns were not so authorized, and it should be presumed, therefore, that the exception was to be intended in favor of such municipalities only as were authorized to purchase and hold certificates issued on tax sales. While we are entirely satisfied with the conclusions reached in these cases, we think they are not conclusive as to the construction to be given to the words in the law now under consideration.

It seems to us that when the object of the section above quoted is considered, the town comes within the relief intended to be given as fully as the county, city, or village, and it should have the benefit of the relief. All the taxable property of the town is made liable for the payment of any judgment recovered against it, the same as the city and village, and it ought to be entitled to like privileges in its litigations. In common parlance, and even in legislative and judicial language, the word "municipality" is applied to towns as well as to cities and incorporated villages. See 1 Dill. Mun. Corp. (3d ed.), §§ 19–21, and cases cited. We think towns are within the meaning of the law above cited, and they may appeal without giving an undertaking in the first instance. If there be any good reason for requiring an undertaking in order to stay proceedings in the action in which the appeal is taken, relief can be obtained in this court. The appeal was properly taken.

Does the complaint set up a cause of action against the town? We are very clear that it does not. If it were to be admitted that a town within which the township school system prevails is liable in an action for the refusal of the

town treasurer to pay a school-district order drawn upon such treasurer, the complaint in this case does not show that any such order was even drawn by the proper officers of the school-district board. There is no allegation in the complaint that the persons who signed said order were the proper officers of said school-district board. We think this allegation necessary. The court cannot take judicial notice that George Bell was secretary, or that C. W. Klein was president, of said school-district board. We do not, however, put our decision upon this point alone. Admitting that the school order was issued and signed by the proper officers of the district, for a lawful claim against said school-district, and was lawfully presented for payment to the treasurer of said town, and payment refused by such treasurer for any reason, either the want of funds or other reason, still no action can be maintained by the holder of the order against the town. The debts of the district are not the debts of the town. The statute declares that the clerks of the several subdistricts in any organized town in this state, which shall have adopted the town system in the manner prescribed in sec. 552, R. S. 1878, together with the clerks of the joint subdistricts, the school-houses of which are situated in such town, shall constitute the town board of school directors. See sec. 518, R. S. Sec. 519 declares that said board shall be a body corporate, and shall possess the usual powers of a corporation for public purposes, by the style of the "board of school directors of the town of ————, and in that name shall sue and be sued, and be capable of contracting and being contracted with, holding real and personal estate, and selling the same as authorized by the provisions of this act; the clerks aforesaid shall constitute the board of directors of the town, and hold their office until the next annual meeting of the subdistricts of such town." The subsequent sections of the statute provide for regular and special meetings of the board; declare

what number shall constitute a quorum; provide for the election of a president, vice-president, and secretary of the board; empower the board to purchase or hire school-buildings or school-houses, to fence and improve the same, etc., and when no longer needed to sell and convey the same, such conveyances to be executed by the president and secretary of the board; make it the duty of the board to determine the amount of money which will be necessary for the support of schools, and for building and repairing school-houses in the town for the ensuing year; require the board to establish and maintain schools in the several sub-districts under their charge, as they may deem expedient, and that all such schools shall be kept each year for not less than five months, and that the board shall have in all respects the supervision and management of all the schools, etc. Sec. 528 constitutes the president and secretary of the town board of directors an executive committee to carry out and enforce all the orders of the board, the acts of the committee to be, however, subject to review by the board at any regular meeting. Sec. 529 gives the executive committee the power to employ necessary teachers and fix the compensation of such teachers. Sec. 533 empowers the clerk to draw orders on the town treasurer for money in the hands of such treasurer, which has been apportioned to the town, and for money collected and received by him from other sources for school purposes, for the payment of teachers' wages, the purchase of school-sites, the building, buying, leasing, repairing, and furnishing school-houses, and for all other lawful purposes, and each order shall designate the object for which, and the fund upon which, it is drawn, and shall be countersigned by the president.

The statute further provides that the town board of directors shall make an estimate of the amount necessary for the support of the schools during the ensuing year, specifying the sum needed for the following purposes: (1) Teach-

ers' wages; (2) for school-house sites, and for building, leasing, or purchasing such school-houses; (3) for fuel; (4) amount for incidental expenses; (5) an amount not exceeding $100 for library; and it is made the duty of the secretary of the board, at least five days before the annual town meeting, to present this estimate, with other matters, to the town board of supervisors. The only duty the town board have in the matter is to present such estimates to the electors of the town at the annual town meeting, and the electors are required to vote on each item; and if for any reason the electors shall not vote money for the support of schools at the annual town meeting, or a sufficient amount shall not be voted, then the supervisors shall again present the estimates to the electors at the general election in the fall; and if the town shall finally fail to vote an amount of money sufficient to maintain a school in each subdistrict for the term of five months during the year ensuing, the secretary of the school board shall certify to the town clerk the amount estimated by the board of directors necessary for the teachers' wages, fuel, repair of school-houses, and incidental expenses, and the town clerk shall assess the aggregate sum so certified on all the taxable property on the assessment roll for that year, and the town treasurer shall collect the same as other taxes. See secs. 535, 539, R. S. Sec. 540 directs that "the town treasurer of each town shall apply for and receive from the treasurer of his county all money apportioned for common schools in his town, and pay out the same, together with all money collected or received by him for school purposes, upon the order of the president and secretary of the town board of directors."

It will be seen from an examination of these provisions, and others in the statute providing for the maintenance and government of schools in towns in which the township system of schools has been established, that the town government has no control whatever of the subject of such

Miller vs. The Town of Jacobs.

schools or of their maintenance and support. Even the electors of the town have no control, except to refuse to vote the estimates as presented by the school-district board; and when they refuse to vote the necessary amount to support schools for at least five months in the year, the board of school directors, through their secretary, may enforce the collection of the necessary sum by a tax to be placed upon the tax roll by the clerk of the town. The treasurer of the town holds all school money for the benefit of the school-district board, not for the town, and it can only be paid out on the order of the board through their secretary and president. The town having no authority as a town to provide any moneys for the support of the schools under the care of the town board of directors, it cannot be liable upon the orders issued by said board when there are no funds in the hands of the treasurer sufficient to pay such orders.

If any action can be maintained upon an order of the town board of directors, which has been issued for the payment of teachers' wages or for any other legitimate expenditures of the board, when no money has been provided by the board for its payment, and there are no moneys in the hands of the town treasurer derived from other sources applicable to such payment, and it is very clear there is no fault on the part of the town that it is not paid, such action cannot be maintained against the town. The order of the board may be evidence of an indebtedness incurred by the board of school directors of the town to the party in whose favor the order is drawn, but it certainly furnishes no evidence that the town is in any way indebted to such person. If an action can be maintained against the town upon an order of the school board, there would seem to be just as good reason to hold that the town would be liable upon any other contract made by the board with a teacher or with any other person in relation to any matter concerning which the statute authorizes the board to contract.

We think even the learned counsel for the respondent would not contend that an action could be maintained against the town to enforce the performance of, or to recover damages for the nonperformance of, a contract entered into between the town board of directors and a third person.

It is clear that, the statute having declared the town board of directors a body corporate, with the usual powers of a corporation for public purposes, and declared that such corporation may sue and be sued in the corporate name, and that it may contract and be contracted with, all actions to enforce the contracts of such corporation must be brought against such corporation; and in the absence of some stat-ute which in express terms gives the right to maintain an action for such enforcement against the town, within which such corporation has its existence, no such action can be maintained. The fact that the taxable property of the town may be the ultimate fund from which the money to pay the demand must be raised, is not a sufficient reason for saying that it is immaterial whether the action be brought against the board or the town. The town officers know nothing of the transaction out of which the cause of action arises, and are wholly unprepared to defend it. The officers of the corporation which incurred the supposed debt are supposed to know all about it, and are the party who should be called upon to defend the action. They know whether there is any defense to the order or not, and are the only parties who can properly make an answer to the plaintiff's claim. It is not, therefore, a matter of indif-ference as to whether the town or the board be made the defendant in the action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings accord-ing to law.