**BRAD RAGAN TIRE COMPANY,**
**Appellant (Employer–Objector),**

v.

**GEARHART INDUSTRIES, Appellee**
**(Former Employer),**

v.

**Robert LADDUSAW,**
**(Employee–Claimant).**

**No. 87–118.**

Supreme Court of Wyoming.

Nov. 6, 1987.

Thomas E. Lubnau, II, Gillette, for appellant.

Steven R. Czoschke, Gillette, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from a judgment and order awarding Robert Laddusaw total temporary worker's compensation benefits chargeable to his employer, appellant Brad Ragan Tire Company, rather than apportioning the payment of the award between his employer and his former employer, appellee Gearhart Industries.

We affirm.

The issue on appeal is:

"WHETHER THE COURT BELOW ERRED IN FAILING TO APPORTION THE WORKMEN'S COMPENSATION BENEFITS BETWEEN TWO EMPLOYERS WHEN TWO SUCCESSIVE INCIDENTS COMBINED TO PRODUCE A SINGLE DISABILITY."

On May 4, 1985, Laddusaw injured his knee during the course of his employment with Gearhart Industries. He received total temporary disability worker's compen-

sation benefits which were charged to the account of Gearhart Industries. On September 7, 1985, Laddusaw was released by his physician to return to work, and on that day he commenced his employment with Brad Ragan Tire Company, after having received a preemployment physical examination.

During his employment with Brad Ragan Tire Company, Laddusaw's knee collapsed on several occasions because his thigh muscles had failed to redevelop after the first injury. On July 11, 1986, while in the course of his employment with Brad Ragan Tire Company, he bent down to pick up a tire and suffered a second injury to the same knee. Laddusaw has not applied for permanent partial disability benefits.

Brad Ragan Tire Company contends that Laddusaw's temporary disability was caused by the two knee injuries and that the temporary total disability payments therefor should be prorated between it and Gearhart Industries. However, Brad Ragan Tire Company has appealed this case without the trial court making the necessary finding that the disability was caused by the *two* knee injuries. An examination of finding six contained in the judgment and order of the trial court reveals a finding to the contrary:

"6. That despite the fact that Robert Laddusaw was continuing treatment with Dr. McDonald as a result of the knee injury sustained in May of 1985,

Brad Ragan Tire Co. has not shown by a preponderance of the evidence that the injury sustained by Robert Laddusaw in May of 1985 was an intervening cause in regard to the knee injury sustained in July of 1986."

In view of this finding, the question of whether there should be an apportionment of total temporary disability benefits cannot be considered as an issue in this case.

To answer questions which were not brought before this Court would be to issue an advisory opinion. In *State Board of Equalization v. Jackson Hole Ski Corporation*, Wyo., 745 P.2d 58, 59 (1987), we said:

"Although the question as postulated in this case may be properly before us in the future, to render an opinion here would be to issue an advisory opinion. This court has said repeatedly that it will not issue advisory opinions, and we decline to do so now. *Graham v. Wyoming Peace Officer Standards and Training Commission*, Wyo., 737 P.2d 1060 (1987)."

Affirmed.