**WYOMING HEALTH SERVICES, INC.,** d/b/a Riverton Memorial Hospital, a Wyoming corporation; and Parthenon Casualty Insurance Company, Appellants (Plaintiffs),

v.

Mark F. DEATHERAGE, M.D., and Mark F. Deatherage, M.D., P.C., a Wyoming professional corporation, Appellees (Defendants).

No. 88–178.

Supreme Court of Wyoming.

May 11, 1989.

W. Henry Combs, III and Roger E. Shumate (argued) of Murane & Bostwick, Casper, for appellants.

David E. Westling of Vlastos, Brooks & Henley, Casper, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Wyoming Health Services, Inc. settled a medical malpractice claim for $700,000 and then commenced this suit seeking contribution from appellee, Dr. Mark Deatherage, M.D. After successive orders substituting parties, the district court granted summary judgment against Parthenon Insurance Company, an entity that had been dropped as a party. A judgment against a non-party is a nullity. There is no judgment against a party. There is, therefore, no appealable final order.

The appeal is dismissed.

Harley Foust died following treatment at Riverton Memorial Hospital. His wife, representing his estate and other claimants,

filed a malpractice suit against the hospital alleging negligence. The suit was settled for $700,000, and the claimants executed a release naming Hospital Corporation of America, Wyoming Health Services, Inc., Riverton Memorial Hospital, and Parthenon Insurance Company as the entities being released. At the time, Parthenon Insurance Company and Wyoming Health Services, Inc., doing business as Riverton Memorial Hospital, were subsidiaries of Hospital Corporation of America.

The present action, commenced by Wyoming Health Services against Dr. Mark Deatherage, M.D., sought contribution of the amount paid in settlement which was attributable to the negligence of Dr. Deatherage. Dr. Deatherage moved to dismiss, claiming in part that Wyoming Health Services was not the real party in interest as required by Rule 17, W.R.C.P.; that Parthenon Insurance Company was, in fact, the real party in interest because it had actually drawn the settlement check. Wyoming Health Services then filed a motion seeking to add Parthenon as a supplemental party plaintiff, or, in the alternative, for an order substituting Parthenon as the sole party plaintiff.

The district court entered an "Order Denying Motion to Dismiss and Granting Motion to Substitute Party Plaintiff." In the order, the court said:

"[P]laintiff has filed a Motion to name Parthenon Insurance Company as a supplemental plaintiff. Granting this motion would render moot the defendant's third ground for dismissal [lack of real party in interest]."

The court ordered that "plaintiff's Motion to Substitute Parthenon Casualty Insurance Company be granted." As a result, the real party in interest question was not decided on the merits.

The court then allowed Dr. Deatherage to amend his answer to assert applicable defenses against Parthenon. Dr. Deatherage moved for summary judgment on the basis that Parthenon was an "unauthorized insurer" who was barred from filing suit by the provisions of W.S. 26–12–103. Both parties submitted memoranda and exhibits.

Before the court issued a decision on the summary judgment motion, it entered the following "Order Concerning Proceedings":

"Way back when, the defendants said that Parthenon Insurance Company was a necessary and proper party to these proceedings. The authorities submitted in the defendants' Memorandum lead the Court to that conclusion; i.e., that Parthenon Insurance Company in a subrogation claim was, indeed, a necessary and proper party.

"It would seem unclear from reviewing the file whether the Hospital is still a party plaintiff, and now the defendants take the position that Parthenon Insurance Company cannot sue in Wyoming because of the insurance statutes. What a dilemma. The Court will now straighten it out.

"IT IS ORDERED, that Parthenon Insurance Company be dropped as a party plaintiff and the Hospital reinstated as a plaintiff in this case, and the case shall go forward accordingly."

The next action taken by the court was to grant defendant's motion for summary judgment against Parthenon. The net result of these actions was that the court granted summary judgment against Parthenon Insurance, an entity that had been dropped from the case.

While the specific basis for the court's action in dropping Parthenon is not stated, Rule 21, W.R.C.P., provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Appellee argues that the order concerning proceedings is void because Rule 25, W.R.C.P., has not been complied with. Rule 25 deals with substitution of parties in enumerated situations: death or incompetency of a party, transfer of interest subsequent to commencement of the action, or a public official leaving office. We are aware that some courts have interpreted Rule 25 to be the sole means of substituting parties. E.g., *United States v. Swink*, 41 F.Supp. 98 (E.D.Va.1941). The better interpretation is that "there is no reason why a

substitution of parties cannot be made under Rule 21, in the discretion of the court and in the interest of justice, in situations not covered by Rule 25." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1686, p. 463 (2d ed. 1986); see also *National Maritime Union of America v. Curran*, 87 F.Supp. 423 (S.D.N.Y. 1949) and *Board of Elec. Light Comm'rs of City of Burlington v. McCarren*, 563 F.Supp. 374 (D.Vt.1982). Neither party has demonstrated an abuse of discretion by the district court in regard to the order.

The motion for summary judgment raised issues applicable only to Parthenon. Wyoming Health Services is not affected by the judgment. Since Parthenon was no longer a party to the suit when the summary judgment motion was granted, the court was without jurisdiction to enter judgment against it. The judgment is void. Consequently, there is no final order from which this appeal is taken. Rule 1.05, W.R.A.P.

Appellants ask that we determine whether Parthenon must have a certificate of authority to be a party plaintiff in this litigation[1] and to determine the real party in interest question. We decline to consider these questions at this time due to inadequacy of the record, lack of information regarding the contractual relationship between the parties, and because our opinion would be advisory. We do not ordinarily issue advisory opinions. *Koontz v. Town of South Superior*, 716 P.2d 358, 362 (Wyo.1986).

The appeal is dismissed, and the case is remanded for further proceedings consistent with this opinion.

---

**1.** To forestall further error in the event this issue arises after remand, we note that appellants argue at length in their brief that W.S. 26–12–103 specifically refers to W.S. 26–12–102. The actual statutory reference is to W.S. 26–3–102.