Gerald L. DUNNEGAN, d/b/a
J & G Wholesale and Leo
Holmes, Petitioners,

v.

LARAMIE COUNTY COMMISSIONERS
and Laramie County Sheriff,
Respondents,

and

Leo HOLMES, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

LARAMIE COUNTY COMMISSIONERS;
Laramie County Sheriff; and State of
Wyoming, Appellants (Plaintiffs),

v.

Gerald L. DUNNEGAN, d/b/a J & G
WHOLESALE and Leo Holmes,
Appellees (Defendants).

Nos. 91–169, 92–88.

Supreme Court of Wyoming.

May 20, 1993.

Roger McDaniel, Cheyenne, argued by Mr. McDaniel, for Gerald L. Dunnegan, d/b/a J & G Wholesale and Leo Holmes.

Roberta A. Coates, Cheyenne, argued by Ms. Coates, for Laramie County Com'rs and Laramie County Sheriff.

Michael L. Hubbard, Sr. Asst. Atty. Gen., and Lawrence A. Bobbitt, III, Sr. Asst. Atty. Gen., for state of Wyo.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Appellant Leo Holmes was convicted of selling fireworks in violation of a county resolution regulating fireworks and assessed a $750 fine. An appeal was taken from the conviction, and a suit was filed seeking a declaratory judgment that the county resolution was unenforceable. The cases were consolidated. After argument in this court and remand, the trial court entered an order affirming appellant's conviction but vacating the $750 fine and affirming the county's authority to regulate fireworks. Laramie County appeals that part of the order vacating the fine.

These consolidated appeals present the essential question of the validity of a Laramie County Commissioners' resolution regulating the use, sale and possession of fireworks in Laramie County. In determining the validity of the resolution, we revisit the question of a county's authority to regulate in this area.

We reverse appellant Leo Holmes' county court conviction, and reverse in part and affirm in part the district court's April 30, 1992 judgment and order.

Appellant Leo Holmes and appellee J & G Wholesale present the following issues for review:

A. The language used in the Laramie County Resolution when read in conjunction with the provisions of the Wyoming fireworks act (W.S. §§ 35–10–201 through 207), (the "Fireworks Act") specifically W.S. §§ 35–10–201(a), 35–10–204(a)(iii) and 35–10–204(a)(iv) is ambiguous, inconsistent and unconstitutionally vague and violates the due process provisions of the Wyoming Constitution, Article 1, §§ 3 and 6, and the Fourteenth Amendment of the United States Constitution.

B. Did the District Court, in responding to this Court's Order Remanding Case for Consideration of Additional Certification filed March 20, 1992, exceed its subject matter jurisdiction to the extent that it went beyond the authority contained in the request on remand that it certify, or decline to certify, the threshold question set forth in the Supreme Court's Order of March 20, 1992? Alternatively, if the District Court acted within its jurisdiction, did the District Court correctly conclude that the County does not have authority to impose criminal sanctions?

The appellant Laramie County presents only one issue for review:

Does the grant of a police power for the protection of the health and welfare of the citizens of a county of the State of Wyoming necessarily include the right to carry such power into effect, and does it empower the county to use proper means to enforce its Resolution, subject to judicial review as to the reasonableness of such means?

On April 3, 1991, following a bench trial in county court, Leo Holmes was found

guilty of violating the Laramie County fireworks resolution. Holmes timely appealed to the district court and, along with J & G Wholesale, filed a Complaint for Injunctive Relief in the district court seeking to enjoin the county from enforcing the county resolution in a manner contrary to its plain and ordinary meaning. For purposes of appeal to this court, the district court consolidated Holmes' appeal from his conviction with the following certified question from the civil action for an injunction:

> Do the provisions of W.S. § 35–10–201(a), and the provisions of W.S. § 35–10–204(a)(iv) when read and interpreted in conjunction with the Laramie County Resolution violate the due process provisions of the Wyoming Constitution, Art. 1, Sections 3 and 6, and the United States Constitution, under the 14th Amendment, such that the resolution in its entirety is void for vagueness and the conviction must be set aside?

We heard oral argument on the certified question on December 10, 1991, and on March 20, 1992, we issued an Order Remanding Case for Consideration of Additional Certification. In that order, we asked the district court to consider the certification of a constitutional question to this court regarding the county's authority to exercise the police power of the State of Wyoming by resolution regulating the sale of fireworks in the county.

The district court denied additional certification and issued an order affirming the county's authority to regulate fireworks but denying its authority to impose criminal sanctions for violation of the county resolution. Laramie County appeals from the portion of the district court's judgment denying the county's authority to impose criminal sanctions. No cross appeal was filed challenging the district court's determination that a county may, under W.S. 35–10–201 through –207, regulate the use, sale and possession of fireworks. However, because the question of a county's authority to regulate the use, sale and possession of fireworks so closely relates to the county's authority to impose criminal sanctions, we take this opportunity to reexamine our prior decisions in *Haddenham v.*

*Bd. of County Comm'rs,* 679 P.2d 429 (Wyo.1984) (*Haddenham II*) and *Gueke v. Bd. of County Comm'rs,* 728 P.2d 167 (Wyo.1986).

In *Haddenham II* and *Gueke,* we held that counties possess the authority to regulate the use, sale and possession of fireworks. The doctrine of stare decisis requires adherence to established precedence. *Burns v. Burns,* 67 Wyo. 314, 224 P.2d 178, 183 (1950); *Worthington v. State,* 598 P.2d 796, 803–04 (Wyo.1979). However, as a principle of policy, not an inexorable command, stare decisis does not create a mechanical formula for adherence to prior decisions and should not be rigid in its application. *Cook v. State,* 841 P.2d 1345, 1353 (Wyo.1992); *Burns,* 224 P.2d at 183. The principle reasons for disregarding the rule of stare decisis and departing from precedent are to prevent the perpetuation of error and "to vindicate plain, obvious principles of law." *Cook,* 841 P.2d at 1353; *see also Worthington,* 598 P.2d at 804.

This appeal presents an occasion when departure from precedent is necessary to vindicate plain, obvious principles of law. To the extent they hold that W.S. 35–10–205 authorizes county governments to regulate the sale of fireworks not otherwise regulated by state law, *Haddenham II* and *Gueke* misstate the law. Continued adherence to this misanalysis of the law cannot be justified by a commitment to precedent and the doctrine of stare decisis.

Wyoming Statute 35–10–205 states:

> This act [§§ 35–10–201 through 35–10–207] shall not be construed to prohibit the imposition by *municipal ordinance* of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any *city or town,* but no such city or town shall permit or authorize the sale, use, or possession of any fireworks in violation of this act. [emphasis added, brackets in original]

Our general rules of statutory construction are well settled. If the language of a

statute is clear and unambiguous, we must abide by the plain and ordinary meaning of the words used. *Deloges v. State ex rel. Wyoming Worker's Compensation Div.*, 750 P.2d 1329, 1331 (Wyo.1988). Wyoming Statute 35–10–205 clearly authorizes cities or towns to adopt more stringent bans upon the use, sale and possession of fireworks, but it contains no similar grant of authority to counties. Our decisions in *Haddenham II* and *Gueke* ignore the distinction between counties and municipalities, both in the state statutes governing fireworks regulation and in well established definitions of the terms. The term "municipality" can never include a county government and they "should not be compared any more than apples and oranges, as it is fruitless." *Gueke*, 728 P.2d at 172 (Macy, J., dissenting).

A municipality has been defined as a "city, borough, town, township or village [and] [a]lso [as] the body of officers taken collectively, belonging to a city, who are appointed to manage its affairs and defend its interests." Black's Law Dictionary 918 (5th ed. 1979). The Supreme Court of Wisconsin concluded that "[i]n common parlance, and even in legislative and judicial language, the word 'municipality' is applied to towns as well as to cities and incorporated villages." *Miller v. Town of Jacobs*, 70 Wis. 122, 35 N.W. 324, 325 (1887); *see also* 27A Words & Phrases 527 *et seq.* (1961) and (Cum.Supp.1991).

This Court outlined clearly the difference between a city and a county when we stated:

The line of distinction between corporations of a public character, such as counties, townships, and school districts, and municipal corporations proper, such as cities and towns, is clearly marked. The former class of corporations are subdivisions of the state for governmental and other public purposes, while the latter class is called into existence by the will of the people, within the limits expressed by petition, by vote, or by the representatives of the people in the legislature.

*Board of Comm'rs v. Searight Cattle Co.*, 31 P. 268, 277 (Wyo.1892).

Wyoming cities and counties differ in the functions they perform, the authority they possess, and in the way they are created. In his treatise on Wyoming local government, Professor Rudolph explains:

Counties, by reason of their state mandated responsibilities, serve as administrative arms of the state and must, therefore, collectively cover the entire area of the state. * * * The constitution provides that no new county shall be formed unless it includes property with an assessed valuation of at least two million dollars, nor shall a new county be organized unless it has a population of not less than 1500 inhabitants.

E. George Rudolph, *Wyoming Local Government Law* 1–2 (1985). In contrast, cities are described as follows:

Courts state frequently, and almost ritualistically, that municipal corporations are creatures of the legislature and subject to its complete dominion and control. The proposition, of course, is equally applicable to counties and school districts, but it has its principal impact with respect to cities because there it is not so obvious. Cities and towns come into being through local initiative, perform a broader range of functions, and have correspondingly greater discretionary authority.

E. George Rudolph, *Wyoming Local Government Law* at 67–68.

Other authorities agree that counties and cities are distinct, and the word "municipality" refers to cities.

Municipal corporations, using the term in its strict sense, include, unless otherwise provided by the constitution or a statute, as a general rule, only incorporated cities, villages and towns. Counties, it is generally held, are not included * * *.

1 Eugene McQuillin, *Law of Municipal Corporations*, § 2.23 (3d ed. 1987) (citations omitted).

Further evidence of the legislature's intent to permit only municipalities to impose more strict regulation of fireworks can be found in the legislature's use of the terms "municipal ordinance," "city or town" in W.S. 35–10–205 rather than the term "gov-

erning body." Wyoming Statute 35–10–201(b) defines governing body as follows:

"Governing body" means the board of county commissioners as to the area within a county but outside the corporate limits of any city or town; or means the city council or other governing body of a city or town as to the area within the corporate limits of such city or town.

When the legislature has intended that enactments apply to both counties and cities, it used the specific phrase "governing body." *See e.g.,* W.S. 35–10–203(a) (1988).

Wyoming Statute 35–10–205, in granting authority to enact more stringent regulations, does not use the term "governing body," but rather uses the terms "city or town" and "municipal ordinance." Our decisions in *Haddenham II* and *Gueke* ignored this distinction and erroneously read into the terms "city or town" a grant of authority for counties to also enact more stringent regulations. We hold that W.S. 35–10–205 does not grant counties the authority to enact more stringent regulations of the use, sale and possession of fireworks, and we overrule our decisions in *Haddenham II* and *Gueke* to the extent those decisions hold to the contrary.

Additionally, we find that W.S. 35–10–203(a), 18–3–509, 35–9–401 through –402, and 35–9–301 through –304 provide no grants of authority, express or implied, allowing counties to regulate fireworks. As noted earlier, we accord to the language of these provisions its plain and ordinary meaning.

■ Wyoming Statute 35–10–203(a) reads in part:

Any governing body shall have the power to grant permits, within the area under its jurisdiction, for supervised public displays of fireworks by individuals, municipalities, amusement parks and other organizations and groups, and to adopt reasonable rules and regulations for the granting of such permits.

The language of this section is clear. It authorizes any governing body, *i.e.,* cities, towns and county government to issue permits for public displays of fireworks and to adopt rules and regulations for the granting of those permits. This grant of authority is very specific, and the section's plain and ordinary language cannot be read to provide a generalized grant of authority to regulate, in addition to the granting of permits for public displays, the use, sale and possession of fireworks.

■ Wyoming Statute 18–3–509 authorizes boards of county commissioners to provide fire protection for persons and property within county boundaries, and enumerates specifically what a county may do in providing that protection. It makes no reference to fireworks or the regulation of fireworks, and no such grant of authority can be implied from the language used.

■ Wyoming Statutes 35–9–301 through –304 provide for the closure of areas of extreme fire danger. This authority to close or limit an area's use by the public is vested in the state board of land commissioners. W.S. 35–9–301. These provisions grant no regulatory authority to counties or county boards of commissioners.

■ Wyoming Statutes 35–9–401 through –402 provide for the appointment of a county fire warden and outline the county fire warden's duties. These provisions do not grant counties any type of broad authority to regulate the use, sale and possession of fireworks.

■ A county is a political subdivision of the state, created to aid in the administration of government. *State v. Bd. of County Comm'rs,* 642 P.2d 456, 457 (Wyo.1982). The county enforces state statutes and laws. It does not enact laws. A municipality may, on the other hand, enact ordinances with criminal penalties which it enforces through its police departments and municipal courts. As an arm of the state, the county has only those powers expressly granted by the constitution or statutory law or reasonably implied from powers granted. *Id.; Hyde v. Bd. of Comm'rs,* 47 Wyo. 101, 31 P.2d 75, 77 (1934). Thus, counties enforce state statutes regulating fireworks but may not enact laws providing criminal penalties for such regulation.

The 1993 legislature seemingly recognized that W.S. 35–10–205 granted no authority to counties to regulate fireworks when, during the 1993 legislative session, it amended W.S. 35–10–205 to now provide:

> This act shall not be construed to prohibit the imposition by municipal ordinances or *county resolution* of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any city or town, *nor shall this act be construed to prohibit the imposition by any county of further regulations or prohibitions upon the sale, use and possession of fireworks within the borders of the county and outside the corporate limits of any city or town,* but no such city, town or *county* shall permit or authorize the sale, use or possession of any fireworks in violation of this act. [emphasis added]

We decline comment upon the effect of the amendment except to note that it provides further evidence that W.S. 35–10–205, in effect when the Laramie County fireworks resolution was drafted, did not authorize counties to regulate the use, sale or possession of fireworks. Therefore, we must declare the Laramie County fireworks resolution invalid.

We reverse the conviction of Leo Holmes under the county resolution and reverse the district court's judgment to the extent it upheld the authority of the county to regulate the use, sale or possession of fireworks.

THOMAS, Justice, dissenting.

I must dissent from the disposition of this case made in the majority opinion. The majority has gone too far afield in endeavoring to overrule *Haddenham v. Bd. of County Comm'rs of Carbon County,* 679 P.2d 429 (Wyo.1984), and *Gueke v. Bd. of County Comm'rs for Teton County,* 728 P.2d 167 (Wyo.1986). The majority opinion departs so far from the issues presented in this controversy as to create an advisory opinion. Our jurisprudential rule is that we do not furnish advisory opinions. *E.g., Wyoming Health Services, Inc. v.*

*Deatherage,* 773 P.2d 156 (Wyo.1989); *State Bd. of Equalization v. Jackson Hole Ski Corp.,* 745 P.2d 58 (Wyo.1987); *Brad Ragan Tire Co. v. Gearhart Indus.,* 744 P.2d 1125 (Wyo.1987); *Graham v. Wyoming Peace Officer Standards and Training Comm'n.,* 737 P.2d 1060 (Wyo.1987); *Kurpjuweit v. Northwestern Dev. Co., Inc.,* 708 P.2d 39 (Wyo.1985); *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* 638 P.2d 147 (Wyo.1981); *Knudson v. Hilzer,* 551 P.2d 680 (Wyo.1976); *Wallace v. Casper Adjustment Serv.,* 500 P.2d 72 (Wyo. 1972). *Cf. Tobin v. Pursel,* 539 P.2d 361 (Wyo.1975); *Cranston v. Thomson,* 530 P.2d 726 (Wyo.1975); *West v. Willey,* 453 P.2d 883 (Wyo.1969).

The appeal by Holmes and J & G Wholesale to this court presented issues relating only to unconstitutional vagueness in violation of the due process provisions of the Wyoming Constitution and the Fourteenth Amendment to the Constitution of the United States. The district court specifically refused to certify to this court the question of the authority of the county commissioners to regulate fireworks. The appeal of Laramie County assumes the existence of authority, and it merely attacks the ruling of the district court that Laramie County had no authority to impose sanctions for violation of its regulation. Using these issues as a premise for overruling prior case law is peculiarly ill-advised. It may be that, in a proper case, it would be appropriate to reconsider the question of authority of the counties to regulate fireworks, but this is not such a case.

I also think the Legislature should reconsider the amendment to Wyo.Stat. § 35–10–205 adopted in Ch. 141, 1993 Wyo.Sess. Laws. If the majority correctly has overruled *Haddenham* and *Gueke,* I cannot discern any authorization to the counties to regulate in the amended statute. A statement that the statute does not prohibit the imposition of further regulation or prohibition by county resolution is not an appro-

priate way to grant authority to the counties to exercise the police power. Such authority should be extended affirmatively and doing so by virtue of a negative pregnant does not suffice.