BOARD OF COUNTY COMMISSIONERS
OF LARAMIE COUNTY, Appellant
(Respondent),

v.

Gerald L. DUNNEGAN, d/b/a J & G
Wholesale, Appellee (Petitioner).

Gerald L. DUNNEGAN, d/b/a J
& G Wholesale, Appellant
(Petitioner),

v.

BOARD OF COUNTY COMMISSIONERS
OF LARAMIE COUNTY, Appellee
(Respondent).

Nos. 93–205, 93–206.

Supreme Court of Wyoming.

Nov. 3, 1994.

Roberta A. Coates, Laramie County Atty., Cheyenne, for Bd. of County Com'rs.

Rodger McDaniel of McDaniel Law Offices, Cheyenne, for Gerald Dunnegan.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

CARDINE, Justice, Retired.

The Laramie County Board of County Commissioners (Board) adopted a resolution regulating the sale, control and possession of fireworks. Gerald L. Dunnegan (Dunnegan), a fireworks retailer, petitioned the district court for judicial review of that decision and for an injunction enjoining the Board from enforcing the resolution. The district court affirmed the Board's adoption of the resolution but issued an injunction enjoining the

* Retired July 6, 1994.

Board from enforcing the resolution because the legislature did not authorize the county to "legislate a ban on the sale, use and possession of fireworks." Dunnegan appeals from the district court's affirmance of the administrative decision, and the Board appeals from the issuance of the injunction.

We reverse in part and affirm in part.

The issues raised by the Board, appellant in Appeal No. 93–205, are as follows:

*Issue No. I:* Did the Wyoming Legislature grant counties in the State of Wyoming the authority to further regulate fireworks by the amendment made in 1993 to W.S. § 35–10–205, *et seq.* (as amended, 1993)?

A. Does W.S. § 35–10–205, *et seq.* (as amended, 1993) demonstrate clear legislative intent to grant counties in the State of Wyoming the authority to further regulate fireworks, including the authority to ban the possession or use of Class "C" fireworks?

B. If the Court must apply judicial standards of statutory construction to ascertain the intent of the Wyoming State Legislature concerning the 1993 amendments to W.S. § 35–10–205, *et seq.* (as amended, 1993), did the 1993 amendment grant counties of the State of Wyoming the authority to further regulate Class "C" fireworks?

\*   \*   \*   \*   \*   \*

*Issue No. II:* Does the Wyoming Legislature have the ability to grant counties in the State of Wyoming the authority to further regulate fireworks, in addition to the regulations imposed by § 35–10–205, *et seq.* (as amended, 1993)?

*Issue No. III:* Did the trial court properly assess costs against Appellant/Respondent [Board] herein?

In Appeal No. 93–206, Dunnegan, appellant, raises the following issues:

*Issue No. I:* Was the decision of the Laramie County Commissioners to ban fireworks by enacting the Laramie County Firework Resolution of 1993 arbitrary and capricious?

*Issue No. II:* Was the decision to enact the firework ban an abuse of the agency's discretion?

*Issue No. III:* Was the decision supported by relevant, substantial evidence on the hearing record?

*Issue No. IV:* Does the Laramie County Firework Resolution of 1993 unconstitutionally interfere with interstate commerce?

## I. BACKGROUND

On May 20, 1993, this court, in *Dunnegan v. Laramie County Comm'rs,* 852 P.2d 1138 (Wyo.1993) (hereinafter *Dunnegan I* ), held that W.S. 35–10–205 (1988), as it existed before 1993, did not authorize counties to regulate fireworks more stringently than the State.

Meanwhile, during the 1993 legislative session, the Wyoming Legislature amended W.S. 35–10–205, presumably in an attempt to empower counties to regulate fireworks. *See,* 1993 Wyo.Sess.Laws ch. 141. Wyoming Statute 35–10–205 now provides:

This act [§§ 35–10–201 through 35–10–207] shall not be construed to prohibit the imposition by municipal ordinance or *county resolution* of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any city or town, *nor shall this act be construed to prohibit the imposition by any county of further regulations or prohibitions upon the sale, use and possession of fireworks within the borders of the county and outside the corporate limits of any city or town,* but no such city, town, or county shall permit or authorize the sale, use or possession of any fireworks in violation of this act.

(Emphasis added.) On May 4, 1993, after a public hearing, the Board, pursuant to the amended W.S. 35–10–205, adopted a resolution banning the possession, storage, use, and sale of all fireworks which contain over twenty-five one hundredths (.25) of a gram of explosives in Laramie County.

On May 21, 1993, Dunnegan, a fireworks retailer in Laramie County, filed a petition for judicial review of the Board's decision to

adopt the fireworks ban. Also on May 21, 1993, Dunnegan moved the district court to enjoin the Board and Laramie County from implementing and enforcing its 1993 resolution banning the sale and use of fireworks. On May 28, 1993, the district court issued a temporary restraining order enjoining the Board and County from implementing and enforcing the fireworks ban.

After a trial on June 24, 1993, the district court: (1) affirmed the Board's decision to adopt the resolution because it was not arbitrary or capricious, was supported by substantial evidence and did not violate constitutional provisions, but (2) permanently enjoined the Board from enforcing the resolution, reasoning that the Board was without authority to enact a ban on fireworks. Both Dunnegan and the Board appeal.

## II. DISCUSSION

### A. Appeal No. 93–206

The scope of this court's review is governed by W.S. 16–3–114(c), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ Dunnegan argues that the Board's decision is "[i]n excess of statutory jurisdiction, authority or limitations or lacking statutory right" because the Laramie County Resolution (resolution) attempts to regulate articles and devices not included within the statutory definition of "fireworks" found at W.S. 35–10–201(a).

Wyoming Statute 35–10–201(a) defines fireworks as follows:

(a) "Fireworks" means any article, device or substance prepared for the primary purpose of producing a visual or auditory sensation by combustion, explosion, deflagration or detonation including without limitation, the following articles and devices commonly known and used as fireworks, toy cannons or toy canes in which explosives are used, blank cartridges, firecrackers, torpedoes, skyrockets and Roman candles. *Fireworks shall not include any item which may be sold or offered for sale under 15 U.S.C. § 1261, 21 U.S.C. § 371 and 16 C.F.R., Commercial Practices, part 1507.*

(Emphasis added.) The Federal Hazardous Substances Act (FHSA), 15 U.S.C. §§ 1261 to 1277, and its regulations, 16 C.F.R parts 1500 to 1512 (1993), prohibits the "introduction or delivery for introduction into interstate commerce," the following "banned hazardous substances":

(3) Fireworks devices intended to produce audible effects (including but not limited to cherry bombs, M–80 salutes, and other large firecrackers, aerial bombs, and other fireworks designed to produce audible effects, and including kits and components intended to produce such fireworks) if the audible effect is produced by a charge of *more than 2 grains of pyrotechnic composition* * * *.

\* \* \* \* \* \*

(8) Firecrackers designed to produce audible effects, if the audible effect is produced by a *charge of more than 50 milligrams*

*(.772 grains) of pyrotechnic composition* (not including firecrackers included as components of a rocket), aerial bombs, and devices that may be confused with candy or other foods, such as "dragon eggs," and "cracker balls" (also known as "ball-type caps") and including kits and components intended to produce such fireworks * * *.

\*     \*     \*     \*     \*     \*

(11)(i) Reloadable tube aerial shell fireworks devices that use shells larger than 1.75 inches in outer diameter and that are imported on or after October 8, 1991.

16 C.F.R. part 1500.17(a)(3), (8) & (11)(i) (1993). Therefore, the FHSA does not prohibit (permits) the sale of (1) "fireworks devices" containing a charge of 2 grains (0.065 grams) of pyrotechnic composition or less (and, if it is a reloadable tube aerial shell firework, its shells are 1.75 inches or less in diameter) and (2) "firecrackers" containing a charge of 50 milligrams (0.050 grams) of pyrotechnic composition or less.[1] See *United States v. Focht*, 694 F.Supp. 1199, 1201 (W.D.Pa.1988) (rev'd on other grounds, 882 F.2d 55 (3rd Cir.1989)).

Those "fireworks devices" and "firecrackers" which are not prohibited by the FHSA, and therefore may be sold under the FHSA, are also known as common fireworks. See *United States v. Chalaire*, 316 F.Supp. 543, 548 (E.D.La.1970); see also 15 U.S.C.A. 1261(q)(1) (1994 Cumulative Pocket Part) (which designates toy paper caps, cone fountains, cylinder foundations, whistles without report, and sparklers as common fireworks). Both parties refer to the fireworks which may be sold under the FHSA as "Class C" fireworks. We could find no federal designation of "Class C" fireworks. Instead, the "Class C" designation appears to be derived from a United States Department of Transportation Table listing hazardous materials. See generally 49 C.F.R. part 172 to 173. "Class C" explosives (renamed, class "1" division "4" as of January 1, 1991) are defined, generally, as "consist[ing] of explosives that present a minor explosion hazard." 49 C.F.R. parts 173.50(b)(4) & 173.53. The

"Class C" designation also exists in the Wyoming Motor Vehicles Act which defines and classifies explosives. W.S. 31–5–102 (Cum. Supp.1993). "Class C" explosives under the Motor Vehicles Act are described as "minimum hazard, *e.g.,* fireworks."

The statutory definition of "fireworks" in W.S. 35–10–201, specifically excludes those "items" which may be sold under the FHSA. Therefore, those "fireworks devices" (such as toy paper caps, cone fountains, cylinder foundations, whistles without report and sparklers) which contain a charge of 2 grains (0.065 grams) of pyrotechnic composition or less (and, if a reloadable tube aerial shell firework, are 1.75 inches in outer diameter or less) and those "firecrackers" which contain 50 milligrams (0.050 grams) of pyrotechnic composition or less are not "fireworks" according to W.S. 35–10–201(a).

The 1993 Laramie County Resolution bans the possession, storage, sale, and use of "fireworks" within the county limits and outside the corporate limits of county municipalities. The resolution defines "fireworks" as

> any article, device or substance prepared for the primary purpose of producing a visual or auditory sensation by combustion, explosion, deflagration or detonation, including, but not limited to, the following articles and devices commonly known and used as fireworks: toy cannons or toy canes in which explosives are used, firecrackers, torpedoes, skyrockets, Roman candles, daygo bombs, and other devices of like construction. *"Fireworks" as defined do not include devices containing less than twenty-five hundredths of a gram of explosive (.25 gm).*

(Emphasis added.) Thus, toy cannons or toy canes in which explosives are used, firecrackers, torpedoes, skyrockets, Roman candles, and daygo bombs which contain less than twenty-five hundredths of a gram (0.25 grams) of explosives are not "fireworks" and therefore, are not banned under the resolution.

---

**1.** These "fireworks devices" and "firecrackers" which may be sold under the FHSA must comply with the regulations found at 16 C.F.R. part 1507

(1993) or they are also banned under 16 C.F.R part 1500.17(a)(9) (1993).

Both parties assert that the resolution (1) bans certain "fireworks" which may be sold under the FHSA, and (2) therefore bans devices which are not defined as "fireworks" under W.S. 35–10–201(a). That assertion is essential to the existence of this dispute because if the resolution does not ban the use and possession of fireworks that are legal under the FHSA, then Dunnegan, who sells only those fireworks permitted for sale under the FHSA, is unaffected by the resolution. After reviewing the FHSA and its regulations, however, we question the correctness of that assertion.

We arrive at this impasse through a comparison of the FHSA's permissible amount of *pyrotechnic composition* and the resolution's permissible amount of *explosive*. As we noted previously, the FHSA permits the sale of "fireworks devices" containing a charge of two grains or less of pyrotechnic composition and of "firecrackers" containing a charge of .772 grain or less of pyrotechnic composition. One "grain" equals sixty-five thousandths (0.065) of a gram, therefore two "grains" equals approximately thirteen one hundredths (0.13) of a gram. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED, at 1399 (1966). Hence, "fireworks" containing a charge of thirteen hundredths (.13) of a gram of *pyrotechnic content* or less may be sold under the FHSA and are not considered "fireworks" under W.S. 35–10–201(a). The Laramie County resolution, however, allows the sale of those devices with less than twenty-five hundredths (.25) of a gram of *explosive*. Therefore, assuming the phrase *pyrotechnic composition* and the term *explosive* are synonymous, then the resolution does not ban any fireworks devices which are not already banned by the FHSA and regulated under Wyoming's Fireworks Act.

The problem with the above conclusion is neither *pyrotechnic composition* nor *explosive* is defined in the applicable statute. The plain meaning of *pyrotechnic* is: "1: the art of making or the manufacture and use of fireworks (as for display, military signalling or illumination) * * * 2: materials (as fireworks, powders and ammunition) for flares or signals * * *." WEBSTER'S, at 1854. The

ordinary meaning of *explosive* is: "a substance that on ignition by heat, impact, friction, or detonation undergoes very rapid decomposition (as combustion) with the production of heat and the formation of more stable products (as gases) which exert tremendous pressure as they expand at the high temperature produced[.]" *Id.,* at 802. Based on these definitions, it appears that the phrase *pyrotechnic composition* contemplates a number of substances while the term *explosive* involves a single substance.

Despite this question of whether the resolution effectively bans fireworks and firecrackers which may be sold under the FHSA, we will presume, as both parties have, that the resolution bans devices which may be sold under the FHSA and under Wyoming's Fireworks Act.

Wyoming Statute 35–10–205 (Cum.Supp. 1993), which is at the heart of this dispute, purports to authorize counties to further regulate "the sale, use and possession of fireworks." Dunnegan contends that whatever regulatory authority is granted to counties by W.S. 35–10–205 is limited by the definition of "fireworks" in W.S. 35–10–201(a). The Board, however, interprets the phrase "further regulations and prohibitions * * * of fireworks" to authorize it to expand the statutory definition of "fireworks" and regulate devices not considered "fireworks" under that definition. As support for this proposition the Board cites *Haddenham v. City of Laramie,* 648 P.2d 551 (Wyo.1982), which held that cities and towns could adopt a more stringent definition of "fireworks" and, therefore, regulate and prohibit fireworks devices that were not included in the statutory definition of "fireworks." *Id.,* at 554. At the time that *Haddenham* was decided, however, the definition of "fireworks" did not include the clear and specific exclusion of "item[s] which may be sold or offered for sale under [the FHSA]."

As we stated in *Dunnegan I,* "[i]f the language of a statute is clear and unambiguous, we must abide by the plain and ordinary meaning of the words used." *Dunnegan I,* 852 P.2d at 1140–41. Wyoming Statute 35–10–201(a) clearly and unambiguously excludes from its definition of "fireworks"

"item[s] which may be sold or offered for sale under [the FHSA]." And, just as clearly and unambiguously, W.S. 35–10–205 limits whatever authority is granted to further regulate and prohibit fireworks to the term "fireworks" as it is defined in W.S. 35–10–201(a). To hold that the county could regulate items not defined as "fireworks," would be to ignore the statutory definition of fireworks and would contravene the requirement that "we give effect to every word, clause and sentence and construe all components of a statute in pari materia." *City of Laramie v. Facer*, 814 P.2d 268, 270 (Wyo.1991).

■ "As an arm of the state, the county has only those powers expressly granted by the constitution or statutory law or reasonably implied from powers granted." *Dunnegan I*, 852 P.2d at 1142. Any authority which the Board may have to regulate "fireworks" is limited to that which is granted it by the legislature in the fireworks act. *Id.* Wyoming Statute 35–10–205 specifically limits whatever regulatory authority it may have granted to counties by the term "fireworks" as defined in W.S. 35–10–201(a). The Board's resolution attempts to regulate or prohibit devices defined as not being "fireworks" in W.S. 35–10–201(a). Therefore, in as much as the resolution regulates devices not defined as "fireworks" in W.S. 35–10–201(a), it is "[i]n excess of statutory jurisdiction, authority or limitations" and, therefore, the Board's action in adopting the resolution was "unlawful and [the resolution is] set aside." W.S. 16–3–114(c).

### B. Appeal No. 93–205

In this appeal the Board seeks to set aside the district court's grant of a permanent injunction enjoining it from enforcing the resolution, and the Board argues that the district court abused its discretion when it awarded costs to Dunnegan.

We set aside the Board's action in adopting the resolution in Appeal No. 93–206; and the resolution being of no effect, the issuance of the permanent injunction enjoining the implementation and enforcement of the resolution is of no effect and therefore is vacated.

### 1. Costs

■ In its final order, the district court awarded Dunnegan his costs which were to "be determined by further order of the Court upon the presentation by [Dunnegan] of a bill of costs." The Board contends that the district court prematurely ordered payment of costs because it failed to determine any facts supporting the award of costs. The Board also argues that the award of costs was improper because there is no direct statutory provision requiring assessment of costs against it. Dunnegan did not reply to this argument.

"Costs * * * may be awarded only if authorized by statute and then may be awarded only to parties to the litigation in amounts supported by evidence as having been incurred and reasonable." *Bi–Rite Package, Inc. v. District Court of Ninth Judicial District*, 735 P.2d 709, 712 (Wyo.1987). Wyoming Statute 1–14–126 (Cum.Supp.1993) authorizes the trial court, in its discretion, to award costs and W.R.C.P. 54(d) states that "costs shall be allowed as of course to the prevailing party[.]" Because the trial court has yet to determine the specific amount of costs to be awarded, we cannot determine whether the amount awarded is supported by the evidence. Since the award of costs is permitted by statute and the trial court will determine the specific amount of costs based on submitted evidence, we hold it was not an abuse of discretion to award costs to Dunnegan.

### III. CONCLUSION

The Laramie County Resolution attempting to ban the use, possession and sale of explosive devices not defined as fireworks in W.S. 35–10–201(a) exceeded the Board's statutory authority and, therefore, is not in accordance with law. The permanent injunction enjoining the Board from enforcing and implementing the resolution is vacated because it is unnecessary, and the order awarding costs is affirmed.

We reverse in part and affirm in part.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I dissent from the majority opinion in this case. I probably do not need to reiterate the views I articulated in *Dunnegan v. Laramie County Comm'rs*, 852 P.2d 1138 (Wyo.1993) *Dunnegan I*. It appears the district court in this instance espoused that theory for resolving the case, and I applaud that perceptive approach even though it apparently is to no avail.

In the erudite comparison of definitions in the majority opinion, the essential question is begged. It is clear to me fireworks that fell outside the definition in WYO.STAT. § 35–10–201(a) (1988) were being offered for sale in Laramie County, but were subject to the exception found in WYO.STAT. § 35–10–204(a)(iii) (1988), which provides in pertinent part:

> This act [§§ 35–10–201 through 35–10–207] shall not be construed to prohibit:
>
>   *   *   *   *   *   *
>
> (iii) Any person from offering for sale, exposing for sale, or selling, any fireworks which are to be and are shipped directly out of the state.

Of course, no one can control what the purchaser may do with the fireworks once that person somehow has certified they are to be shipped directly out of the state. I understand this was at least one of the evils the county resolution was designed to avoid. Be that as it may, this court has sustained, without dancing around the statutory definition, the authority of a municipality to prohibit fireworks that are not controlled by the state statute. *Haddenham v. City of Laramie*, 648 P.2d 551 (Wyo.1982).

I am satisfied the court really should confront the essential question which is whether the counties have the authority to legislate absent a specific authorization of the legislation by the legislature. That has not occurred in this instance, and the issue should be resolved. The legislature then can decide whether it wants to offer that authority to the counties or whether it wants to expand the state regulation of fireworks. It still is true, without any equivocation, that the fact the statute does not prohibit the imposition of further regulation or prohibition upon sale, use, and possession by counties does not constitute a grant of authority.